## SUPREME COURT.

### SAMUEL F. GRIFFIN agt. ADELINE GRIFFIN.

In an action for *divorce* on the ground of *adultery*, the defendant cannot interpose the defence of the *physical incapacity* of the plaintiff to contract the marriage relation, where more than two years have expired from the solemnization of the marriage contract, and within which time the defendant has brought no action against the plaintiff for a dissolution of the marriage contract, on that ground.

And in an action for divorce on the ground of adultery, the defendant cannot interpose a defence, either as a bar to the action, or as a *counter-claim, cruel and inhuman treatment and abandonment* by the plaintiff of the defendant.

*Heard Albany General Term, December,* 1861.
*Decided March,* 1862.

Gould, Hogeboom and Peckham, *Justices.*

Appeal from order striking out certain portions of the answer as irrelevant, and constituting no defence, with costs of the motion.

The action was for a divorce dissolving the marriage contract, and the complaint (verified) charged repeated acts of adultery with one Christopher Perry. The answer (also verified) contained three alleged defences : 1. A general *denial* of the complaint, except that the parties were inhabitants of the state, and were married in 1840. 2. Physical incapacity on the part of the plaintiff to contract the marriage relation, known to the plaintiff at the time of the marriage. It did not ask for affirmative relief annulling the marriage on this ground. 3. Acts of cruelty, inhumanity and abandonment on the ... of the husband, justifying a limited divorce, and seeking such divorce for that reason.

The plaintiff moved at special term to strike out the two last defences as irrelevant and constituting no defence, and the court granted the motion with costs.

The defendant appealed to the general term.

John H. Reynolds, *for plaintiff, respondent.*
John K. Porter, *for defendant, appellant.*

By the court, Hogeboom, Justice. The answer in this case contains three defences : 1. A denial of the allegations in the complaint. 2. Physical incapacity on the part of the plaintiff to enter into the marriage state, and known to him at the time of the marriage. 3. Cruel and inhuman treatment and abandonment of the wife by the husband, for which she asks a separation or limited divorce.

The plaintiff, on notice, moved to strike out the last two defences as irrelevant and constituting no defence ; and

from the order granting the motion this appeal is taken to the general term.

I. The physical incapacity of the plaintiff is no defence to the action for divorce; at least in this case. The marriage was solemnized in 1840, and no suit was ever instituted to annul it for physical incapacity. To make such a suit available, it must have been commenced within two years of the marriage. (2 *Rev. Stat.*, 143.) Not being so brought, the marriage cannot be annulled, and must be deemed a valid one. Being so, all the obligations of the marriage relation rest upon the parties with the same effect as in other cases. Among these, of course, is the one to refrain from adultery. This is as imperative upon the defendant as upon any other married woman, and a violation of her duty in this respect entitles the husband, as in other cases, to a dissolution of the marriage contract. In short, upon failure to institute a suit within two years, to annul the marriage for physical incapacity, the marriage must be treated in all respects like one between parties in every respect competent to enter into that relation.

It is said that physical incapacity is used here only by way of defence, and not for purposes of affirmative relief. This is so, but it is not a defence. The marriage is a valid one in all respects, and its vows and obligations must be observed. The existence of such a physical incapacity after such a lapse of time, without objection, can no more be made the justification for adultery, than if it had supervened by reason of some physical injury, or otherwise, subsequent to the marriage. This defence is not available.

II. The next question is, whether cruel and inhuman treatment and abandonment, entitling the party to a limited divorce, is a good defence against a complaint showing a right to an absolute divorce on the ground of adultery.

As an absolute *defence* it is clearly unavailable, for it sets up no matter which would be a bar in whole or in part to the plaintiff's action. If every word in the answer is

true, it would in no way tend to impair the relief to which the plaintiff is entitled on account of the adultery. Hence as a ground for defeating the plaintiff's action, if the fact of adultery be established, it is wholly inoperative.

But the argument is, that the plaintiff may wholly fail in his action, and that the defendant may fully establish this defence, and will therefore be entitled to the limited divorce for which she has prayed in her answer; that this will save the expense of a new action, and ought therefore to be encouraged.

This brings us to the inquiry, whether such a practice is tolerated by the Code—it being plainly inconsistent with the former practice of the court of chancery. (*Smith* agt. *Smith*, 4 *Paige*, 192; *Rose* agt. *Rose*, 11 *Paige*, 166.) In other words, is it a *counter-claim*? It is said that it is " a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action;" or else that this is " an action on contract," and that the matter in the answer constitutes " a cause of action arising also on contract and existing at the commencement of the action." (*Code*, § 150.) This by the Code is the definition of a counter-claim, or one of its classifications; and it must be confessed the argument is difficult.to be resisted, if we regard the action for a divorce as an action for the breach of the contract of marriage, and the action for a separation as an action of the same description.

But I do not regard the action for an absolute divorce as an action upon contract, or for the breach of a contract, or that the relief sought is on the ground of a breach of the contract of marriage.

The right to a *divorce* depends not upon the breach of the contract of marriage, but upon provisions of statute law. The marriage contract may perhaps be said to be broken by adultery; but it would not necessarily follow therefrom, that the injured party would be entitled to a

divorce. That relief depends upon the institutions of posi-tive law. I can conceive of a valid marriage contract, without any express stipulation that the parties should adhere faithfully to each other only. And it is quite con-ceivable that marriages might be legally solemnized without any allusion, direct or indirect in the marriage form, to the duty of matrimonial fidelity; and hence that the commission of adultery would not be a violation of any of the express stipulations of the parties. And whatever might be the marriage ceremony, it would not be any the less within the pale of proper legislation, to prescribe the penalty of a dissolution of the marriage relation for the offence of adul-tery. In truth, it is on the ground of public policy, or the general good, that all our statute regulations in regard to divorces are founded. And it is because the party has vio-lated a *duty*, or obligation imposed by law, and not because he has broken a contract made between the parties, that a decree of divorce is granted.

It is true that the relation of marriage is founded upon contract; but in an action for divorce, the terms of that contract are not specifically set forth, and least of all, that thereby the defendant contracted to abstain from sexual intercourse with any one except his partner in life. It is the *law*, and not the contract of the parties, that stamps upon the marriage relation the duties and obligations inci-dent to it, and therefore it is that in actions for divorce, the fact of marriage and the fact of adultery are the only prominent facts alleged, as the *law* deduces therefrom cer-tain consequences, and entitles the party to the relief sought. The cause of action, therefore, set forth in the complaint, is more properly said to arise out of the *trans-action* (to wit, the adultery) therein detailed, than out of the marriage *contract* itself.

When the husband sues the adulterer in an action for criminal conversation with his wife, his action would scarcely be called an action on contract, though his *right*

to sue depends entirely on the marriage contract, and in an emphatic sense may be said to arise out of it. The same may be said when the husband and wife sue jointly for an injury to the character of the wife by slander, and in various other cases.

The same observations which have been made in regard to adultery and absolute divorce, apply with equal propriety to cruel and inhuman treatment and limited divorce; that is, the relief to which the party is entitled is given to him or her on grounds of public policy and positive statute, and not on grounds of contract obligation. Therefore, when the wife answers to the charge of adultery, that her husband has treated her with cruelty and inhumanity so as to entitle her to a limited divorce, it does not appear to me to be a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or in any legitimate sense connected with the subject of the action; nor, in the second place, do I regard the action for an absolute divorc  nor the claim for a limited divorce, as arising on contract. Neither the first or second subdivisions of section 150, therefore, cover the case.

Other considerations, though not of conclusive weight, would lead us in the same direction. The action for adultery *must* be tried by a jury; the action for a limited divorce *should* generally be tried by the court. If the two were embraced in a single action, the different kinds and items of evidence which properly appertained to each would be so dissimilar as to lead to confusion in the minds of the jury, and would probably induce the presiding judge to make a practical separation of the matters in issue, and make in effect two trials of the cause, by first hearing the evidence in regard to the adultery, and subsequently (if necessary) that in regard to cruel and inhuman treatment. Indeed, no other case occurs to me where matters of defence have been allowed to be interposed in an action in

which, if the plaintiff succeeded, the defence would be utterly irrelevant and unavailable. And I am not sure but this single consideration ought to be sufficient to overrule the defence.

I may add, that the conclusion to which I have arrived is supported by a special term decision of Justice CLERKE, (*Diddell* agt. *Diddell*, 3 *Abb.*, 167.)

It is also suggested that the order appealed from is erroneous, for charging costs on the defendant. It was not suggested to me at special term as unusual against the wife, and as imposing a payment which she could not probably make, and as really amounting, probably, to a charge upon the husband himself, if in the progress of the suit he were charged with alimony and the expenses of conducting the defence. If these suggestions had been made, I should probably have left out this part of the order, although the interposition, in an answer, of matter wholly irrelevant and constituting no defence, would generally be a good reason for imposing costs upon the offending party. But the true answer is, this is matter of discretion, and not reviewable.

The order of the special term should be affirmed.