VAN BENTHUYSEN *v.* VAN BENTHUYSEN.

*(Supreme Court, Special Term, Schoharie County. 1888.)*

1. DIVORCE—CRUELTY—COUNTER-CLAIM OF ADULTERY—AFFIRMATIVE RELIEF.
    Under Code Civil Proc. N. Y. § 1770, as amended by Laws 1881, c. 703, which provides that a cause of action against the plaintiff and in favor of the defendant, arising under either of the articles enumerating the grounds of divorce, may be interposed, in connection with a denial of the allegations of the complaint, as a counter-claim to an action for divorce; and section 509, which requires a defendant deeming himself entitled to an affirmative judgment on his counter-claim to demand the same in his answer,—the adultery of the plaintiff may be set up as a counter-claim to an action for a limited divorce on the ground of cruel and inhuman treatment, and an affirmative judgment thereon demanded.

2. SAME—PLEADING.
    The objection that the answer setting up such counter-claim does not allege that the adultery was without the connivance, privity, or procurement of defendant, cannot be raised on demurrer.

On demurrer to a counter-claim.

Action by Anna Van Benthuysen against John Van Benthuysen for a limited divorce on the ground of cruel and inhuman treatment. Defendant answered, setting up plaintiff’s adultery as a counter-claim, and demanded an affirmative judgment of divorce thereon. There was a demurrer to such counter-claim. Code Civil Proc. N. Y. § 1770, as amended by Laws 1881, c. 703, provides that a cause of action against the plaintiff and in favor of the defendant, arising under either of the articles enumerating the grounds of divorce, may be interposed in connection with a denial of the allegations of the complaint, as a counter-claim to an action for divorce. Section 509 requires a defendant deeming himself entitled to an affirmative judgment on his counter-claim to demand the same in his answer.

MAYHAM, J. This action is for a limited divorce on the ground of cruel and inhuman treatment. The defendant, in his third defense, alleges the

adultery of the plaintiff. This is set up as a defense, and also as a counter-claim, and upon it the defendant asks the usual judgment in actions for an absolute divorce for adultery. To this counter-claim the plaintiff interposes a demurrer, and assigns as cause: *First*, that it is not a cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action; *second*, that it appears upon the face of said counter-claim that it does not state facts sufficient to constitute a cause of action; *third*, that said counter-claim or defense is insufficient in law upon the face thereof, and does not entitle the defendant to the relief or judgment demanded therein.

Prior to the enactment of chapter 703 of the Laws of 1881, amending section 1770 of Code of Civil Procedure, it seemed well settled on authority that the defendant in an action of this character could not set up the adultery of the plaintiff as a counter-claim, and demand judgment for the dissolution of the marriage contract. *Henry* v. *Henry*, 27 How. Pr. 5; *McIntosh* v. *McIntosh*, 12 How. Pr. 289; *Terhune* v. *Terhune*, 40 How. Pr. 258. By the enactment of that amendment, a radical change was effected in the provisions of section 1770. As the section stood before the amendment, a cause of action which would justify an absolute divorce under the provisions of article 2 might be set up as a counter-claim in an action brought under the provisions of that article; and so, when a cause of action existed which would justify a limited divorce under article 3 it might be set up as a counter-claim to an action brought under that article. That was the effect of section 1770 as it stood before the amendment of 1881. By that amendment the words in said section, "the same article," were stricken out, and the words, "either of said articles," were substituted in their stead, so that facts which before the amendment were good as a counter-claim to one of said actions were extended to and became good as a counter-claim to either of said kinds of actions when accompanied by a denial of the allegations of the complaint. While it is not quite clear how the amendment of section 1770, above referred to, can be made to harmonize with subdivision 1 of section 500 of the Code, which required the counter-claim to arise out of the contract and transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action, and it is not easy to see how the charge of adultery bears any such relation to an allegation of cruel and inhuman treatment, yet the legislature, having so declared its enactments, must be respected and observed by the courts. It follows, therefore, that the allegations of adultery in the answer, if properly made, constitute a counter-claim on which the defendant may demand judgment for an absolute divorce. The answer in this case, having alleged the counter-claim in connection with a denial of the allegations of the complaint, according to the provisions of section 1770, as amended, and also demanding an affirmative judgment by reason of the counter-claim, as required by section 509 of the Code of Civil Procedure, is not for that reason subject to the objections raised by demurrer in this case. Nor is it an objection that can be raised on demurrer that the recriminatory charge or counter-claim in the answer does not allege that the adultery was without the connivance, privity, or procurement of the defendant. That allegation is not a fact necessary to constitute a cause of action. While technical good pleading may require such an allegation, the allegation, if omitted, may be supplied by the proof of the party on the trial. I am of the opinion that the demurrer in this action is not well taken, and must be overruled. The defendant is entitled to an interlocutory judgment overruling the demurrer, with costs of demurrer, with leave to the plaintiff to reply within 60 days on payment of cost of demurrer, and in default of which the defendant may have final judgment on the demurrer.