MOSES P. PROUT, Appellant, *v.* ALEXANDER R. CHISOLM and WIL-
LIAM F. CAREY, Respondents.

*Money had and received — implied promise to repay it — fraud — prayer for relief
— complaint alleging fraud, when a recovery can be had on contract — duty of a
broker to keep books of account.*

Where money is received by one person which belongs to another, without any
valuable consideration being given therefor on the part of the receiver, an
action for money had and received will lie; the law implies a promise on the
part of the person so receiving the money to repay the same, or to account for
it in some manner.

Fraud cannot be presumed, but must be proved.

Under the Code of Civil Procedure it is the better practice to pray for the precise
relief to which the allegations of a complaint entitle the plaintiff, but where
an answer has been interposed the form of the prayer for relief is quite imma-
terial. The court will give the relief required by the allegations in the com-
plaint and the proofs upon the trial.

Where the complaint in an action brought to recover for money had and received
is sufficient it is not rendered insufficient by reason of an additional allegation
therein to the effect that the defendant obtained the money from the plaintiff
by false representations, and such allegation will not defeat a recovery upon
contract.

It is the duty of a broker or agent to keep accounts showing the names of the
persons with whom he deals for his principal.

APPEAL by the plaintiff, Moses P. Prout, from a judgment of
the Supreme Court in favor of the defendants, entered in the office
of the clerk of the county of Kings on the 25th day of March,
1895, upon the dismissal of the complaint directed by the court
after a trial at the Kings County Circuit before the court and a
jury, and also from an order entered in said clerk's office on the
19th day of March, 1895, denying the plaintiff's motion for a new
trial made upon the minutes.

*Edward M. Shepard* and *G. H. Crawford*, for the appellant.

*George Putnam Smith*, for the respondents.

DYKMAN, J.:

This is an appeal from a judgment entered upon the dismissal of
the plaintiff's complaint at the Circuit, and also from an order deny-
ing a motion for a new trial on the minutes of the court.

At the close of the testimony on the part of the plaintiff, the trial judge, upon a motion for a dismissal of the plaintiff's complaint, stated that the question he was called upon to determine was, whether the evidence was sufficient for the jury to find that there was fraud practiced, and he dismissed the complaint, holding that the evidence was insufficient to permit a recovery for money had and received, and that the proof the plaintiff had given did not sufficiently support the allegations of fraud to justify their submission to the jury. The answer of the defendants admits the allegations of the complaint that the defendants, as stock brokers, had received from the plaintiff, as their principal, a large sum of money, and also property of value solely by way of security, or partial payment upon supposed actual purchases and sales of stocks and bonds made or to be made by the defendants for the plaintiff.

It is conceded that the defendants received the plaintiff's money for that purpose and for no other.

The complaint alleged that in fact no such purchase or sales were made, and, therefore, it sufficiently presented a cause of action for the money plaintiff had deposited with the defendants.

Where money is received by one person which belongs to another, without any valuable consideration therefor on the part of the receiver, an action for money had and received lies in all cases, for the law implies a promise on the part of the person so receiving the money to repay the same or to account for it in some particular manner. (*Freer* v. *Denton*, 61 N. Y. 492.)

The complaint, therefore, being sufficient, is not rendered insufficient by reason of the additional allegation that the defendant had obtained the money from the plaintiff by false statements that purchases and sales had been actually made, or by other fraudulent representations.

That doctrine has been repeatedly enunciated. In *Byxbie* v. *Wood* (24 N. Y. 607) the plaintiff sued to recover an overpayment by the assignor of the plaintiff to the defendant upon purchases made by the latter on a joint venture. The complaint of the plaintiff charged that the moneys were obtained by false and fraudulent representations. The objection was taken that the cause of action was in tort for deceit, and not, therefore, assignable. In the opinion delivered in that case, the court said : " What valid

objection is there to treating these words ('fraudulently and by deceit') as mere inducement, containing a statement of the facts which show that Marvin's payment was not a voluntary one, with knowledge of the facts? * * * How, without some such statement was he to show that it was not a voluntary payment, or that his settlement of the accounts was not final and binding on him? * * * It is entirely immaterial (in our present modes of pleading) whether the plaintiff anticipates what would be matter of defence, and says, in advance, that it was so obtained as to be invalid and no defence, or whether he omits all mention of it, and on the trial when it is interposed as a defence proves the fraudulent obtaining of it which makes it void and no defence."

So in the cases of *Conaughty* v. *Nichols* (42 N. Y. 83); *Ledwich* v. *McKim* (53 id. 307); *Sparman* v. *Keim* (83 id. 245); *People* v. *Wood* (121 id. 522) the courts refuse to permit allegations of fraud to disable the pleadings as a complaint on contract. In the present case it was clear that the defendants would rely, as upon the trial they did rely, upon their monthly accounts as accounts stated. It was inevitable that the truth of those accounts must be tried and must be the principal subject of investigation. There was no valid objection to the plaintiff's express dealing with the matter in his complaint. Neither is there any validity in the objection raised to the form of the prayer for judgment.

At common law it would have been sufficient in an action for money had and received.

Under our Code it is the better practice to pray for the precise relief to which the allegation entitled the plaintiff, but where an answer has been interposed, the form of the prayer is quite immaterial. The court will give the relief required by the allegations in the complaint and the proofs upon the trial. (*Bell* v. *Merrifield*, 109 N. Y. 202.)

The charges in the complaint presented a case of money and property obtained from the plaintiff by deceit. The rule laid down by the learned trial judge was correct, that fraud could not be presumed, but must be proved, and the facts proved were proper evidence and should have been submitted to the jury on that issue.

Without pausing to consider the question whether the system of clearing and weekly statements maintained at the exchange of which

the defendants were members, was in any proper sense, a system of real purchases and real sales, it is sufficient to say, that the testimony introduced by the plaintiff tended to show that he desired to make actual purchases and actual sales, and that the defendants insist that purchases made according to the system of their exchange were actual and not nominal. There was evidence for the jury tending to show that no such purchases or sales as they reported to the plaintiff were ever made by the defendants on the exchange, according to its rules or practice or in any other manner. The defendants, when pressed by the plaintiff, did not give the name of a single broker or person from whom they had bought or to whom they had sold, and stated that they were unable to do so; that they had kept no record of such names, except on certain slips sent by them to the clearing house of the exchange where all the sales were made, and that such slips had been destroyed within thirty days. The duty of a broker or agent to keep accounts showing names of persons with whom he deals for his principal is plain to the last degree.

In no other manner could the transaction of the agent be possibly verified. There is no reason in this matter to distinguish between the duty of a consignee selling merchandise and that of a broker buying or selling stocks.

As to a large number of the supposed transactions stated on the defendants' account, it was shown that although they were claimed by the defendants to have been had on the Consolidated Exchange, and to have been entered on the slips furnished by the defendants to the clearing house of the exchange, still the records kept by the clearing house of the total sales and purchases by the defendants were highly inconsistent with the defendants' statement of sales and purchases made by them for the plaintiff. As to many transactions, it was shown by the official record of sales kept by the exchange, that no transactions like those reported had taken place at all. As to certain of the securities stated by the defendants to have been bought and actually held by them for the plaintiff, there was evidence tending to show a course of conduct by defendants quite inconsistent with the truth of their statements.

It may be that the defendants had some answer or explanation to the case made against them. If they had its production was essential, and if they had not, the evidence was sufficient to carry the

case to the jury, and justify a verdict in favor of the plaintiff for the full amount of his claim. If satisfied by the evidence that in many cases the defendants' accounts and statements of their transactions with the plaintiff were intentionally false and spurious, the jury might have inferred in the absence of sufficient proof to sustain such accounts or statements that they were altogether fictitious. The evidence given charged the defendants with the money they had received from the plaintiff. It had been received by them from him, and instead of procuring a dismissal of the complaint because he had not convicted them of fraud, their duty was to show its proper application, and if they failed to sustain the burden thus cast upon them the plaintiff was entitled to recover.

The judgment and order denying the motion for a new trial should be reversed, with costs.

BROWN, P. J., and PRATT, J., concurred.

Judgment reversed and new trial granted, costs to abide event.