### DRAGO v. MEAD.

(Supreme Court, Appellate Division, Second Department. May 3, 1898.)

1. ACTION BY LESSEE—FAILURE TO REPAIR.
    In an action by a lessee for damages for breach of the lessor's covenant to repair, the plaintiff's failure to pay rent is not a valid defense.

2. SAME—DAMAGES.
    In such an action, special damages, measured by plaintiff's total loss of estimated business profits, if recoverable at all, are recoverable only where his eviction from the demised premises prevents him from carrying on business, either there or elsewhere.

Appeal from Kings county court.

Action by Domonico Drago against Martin R. Mead. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Josiah T. Marean, for appellant.
J. Stewart Ross, for respondent.

CULLEN, J. This action was brought, lessee against lessor, for breach of a covenant on the part of the latter to repair. The plaintiff occupied the demised premises as a barber shop, where he carried on business. The complaint alleged that the premises were injured by fire, not to the extent of rendering them untenantable, but sufficient to require substantial repairs. The lease provided that in such case the landlord should, as speedily as possible, repair the premises. It appeared that at the time of the fire, and subsequent thereto, plaintiff was in default in his rent. The appellant contends that this default relieved him from his covenant to repair. I know of no authority for such a proposition. It has been repeatedly held that the covenant to pay rent and that to repair are independent covenants, and that a failure to repair is not a valid defense to an action for rent. There would seem to be no reason why the converse of the proposition should not be equally true. The principle of the two cases would seem to be precisely the same. It is insisted that the sole right of the tenant to retain possession of the premises, or to claim the benefit of the covenant to repair, proceeds from his payment of rent. This is true only in a qualified sense. Except where the rent is payable in

advance, the right to the possession of the premises, and the consideration for the demise and the covenants of the landlord, proceed, not from the actual payment of rent, but the promise or obligation to pay it. When default in the rent is made, the landlord may elect to terminate the tenancy, but he is not obliged to do so. He may prefer the obligation of the tenant to a termination of the lease, and until the lease is determined his obligation to repair remains in full force.

We think, however, that the rule of damages laid down by the trial court was incorrect. In general, the measure of damages is the difference between the rental value of the premises as they were and the rental value of the premises in a proper state of repair. Myers v. Burns, 35 N. Y. 269; Hexter v. Knox, 63 N. Y. 561. The respondent's recovery was not confined within such limits. He was allowed to recover the estimated profits of his business during the period the defendant was in default, the plaintiff having after the fire ceased to carry on business. No such special damages were alleged in the complaint. The allegation that the plaintiff was unable to carry on business on the premises was insufficient. Such damages, if recoverable at all, are recoverable only where the tenant is not only unable to carry on his business on the demised premises, but where his eviction from the demised premises prevents him from carrying on business at all. In fact, the claim for loss of business profits seems inconsistent with the allegations which are the necessary foundation of the cause of action. If the premises were rendered untenantable, then, under the terms of the lease, the tenancy ceased, and that was the end of the relation between the parties. If the premises were tenantable, it was the duty of the plaintiff to have continued to carry on his business upon them. He might either himself have made the repairs that were necessary, and charged the defendant with their cost, or he could recover the diminution in the rental value. He had not the right to abandon the premises unless they were untenantable, and, if they were untenantable, then the lease ceased.

The judgment should be reversed, and a new trial granted, costs to abide the event. All concur.