DAVID FLEGENHEIMER, Landlord, Respondent; *v.* GUSTAV DREYER, Tenant, Appellant, Impleaded with HERMAN GRONDOFSKY and Others, Undertenants.

*Counterclaim, in summary proceedings, of an agreement by the landlord to accept a surrender of the premises and pay a certain sum — a surrender or offer to do so must be alleged.*

A counterclaim, interposed in a summary proceeding to recover possession of real property, which alleges that after the making of the lease "it was agreed by and between the plaintiff and this defendant that the defendant surrender. to the plaintiff herein the said premises and that the plaintiff would accept such surrender and pay to the defendant Gustav Dreyer the sum of five hundred ($500.00) dollars for the surrender of the said leasehold," and that by reason of the failure of the plaintiff to carry out such agreement the defendant had suffered damage in the sum of $500, is insufficient, in that it does not aver that the defendant surrendered the premises or offered to surrender them to the plaintiff.

APPEAL by the defendant, Gustav Dreyer, from a final order in summary proceedings to recover the possession of real property, made by the Municipal Court of the city of New York, borough of Brooklyn, and entered on the 14th day of January, 1902.

*M. H. Winkler*, for the appellant.

*Emil Schneeloch*, for the respondent.

WILLARD BARTLETT, J.:

The defendant interposed an answer to the petition in this proceeding, setting up a general denial and a counterclaim under the title of a second defense. The counterclaim alleged that after the making of the lease "it was agreed by and between the plaintiff and this defendant that the defendant surrender to the plaintiff herein the said premises and that the plaintiff would accept such surrender and pay to the defendant Gustav Dreyer the sum of five hundred ($500.00) dollars for the surrender of the said leasehold." It further alleged that by reason of the failure of the plaintiff to carry out said agreement the defendant had suffered damage in the sum of $500.

At the beginning of the trial, counsel for the plaintiff moved to dismiss the counterclaim, and in deciding the motion the Municipal

Court judge said: "I will strike it out; I strike out the second defense."

As I understand it, this ruling was equivalent to a decision that the counterclaim was insufficient in law; and in this view the court was right. It would have been error to hold that a counterclaim cannot be interposed in a summary proceeding to recover the possession of real property; for section 2244 of the Code of Civil Procedure expressly provides that the answer in such a proceeding may set forth "a statement of any new matter constituting a legal or equitable defense, or counterclaim." (See *Sage* v. *Crosby*, 33 Misc. Rep. 117.)

But the objection to this counterclaim is that it does not set forth facts sufficient to constitute a cause of action on the part of the defendant against the plaintiff, for the reason that there is no averment to the effect that the lessee ever performed or was willing to perform the alleged contract on his part. He does not aver that he surrendered the premises or offered to surrender them to the landlord. Such an averment is essential to constitute it a good counterclaim.

There is no other question in the case which requires discussion, and the final order should, therefore, be affirmed.

All concurred.

Final order of the Municipal Court affirmed, with costs.