(87 App. Div. 123.)

GODFREY v. INDIA WHARF BREWING CO.

(Supreme Court, Appellate Division, Second Department. October 22, 1903.)

1. LANDLORD AND TENANT—BREACH OF COVENANT TO REPAIR—MEASURE OF
DAMAGES.
  The measure of damages in a lessee's action for breach of a covenant to repair is the difference between the rental value of the premises as guarantied and as they really were, and anticipated profits from the business conducted therein cannot be recovered.

Appeal from Municipal Court of City of New York.

Action by George Godfrey against the India Wharf Brewing Company. From a judgment for defendant, entered on a directed verdict, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Eugene N. L. Young, for appellant.
Edward C. McParlan, for respondent.

HIRSCHBERG, J. The complaint states two causes of action—one to recover the balance remaining after deducting a small bill for goods sold by the defendant to the plaintiff from the sum of $100 deposited as security by the plaintiff with the defendant on·the occasion of hiring certain premises in the borough of Brooklyn, and the other for damages for the alleged breach of covenant on the defendant's part, to·the effect that such premises were in good repair at the time the plaintiff hired them, and that they would be so maintained during the plaintiff's tenancy.

The hiring took place in August, 1902; the rent to commence on September 1st, at $25 a month, and the tenancy to be from month to month. The place had been and was to be used as a liquor saloon. The liquor tax certificate was transferred by the defendant to the plaintiff, and his demand note taken for the value of the unexpired period. The $100, as appears by a written receipt given at the time,

¶ 1. See Landlord and Tenant, vol. 32, Cent. Dig. § 563.

was deposited not as security merely for bills received by the plaintiff for goods sold, but as security for any and all sums which may become due from him to the defendant. The plaintiff remained in possession of the demised premises from the time of the hiring until some time in January, 1903, but paid no rent. At the close of the evidence the court directed a verdict in favor of the defendant for the five-months rent, the amount of the conceded bill for goods, and the promissory note, after deducting therefrom the deposit of $100, and the sum of $105, being 15 weekly payments of $7 each made by the plaintiff towards defraying the cost of the liquor tax certificate, and also after deducting the proportionate value of the license from January until its expiration. There appears to be no dispute about these items; they were all pleaded by way of counterclaim; and the disposition of the case was proper, provided the plaintiff made no proof of his claim for breach of the contract, sufficient to carry the case to the jury.

The plaintiff failed to make such proof. He gave evidence tending to establish that, two or three weeks after his occupancy commenced, a storm arose, and the roof leaked; that it leaked on the occasion of every storm thereafter; and that no repairs were made by the defendant while he remained in possession. He also testified that the defendant's authorized manager at the time of the hiring assured him that the premises were in good repair, and that the defendant would keep them so. This was denied on the defendant's behalf, although it was proven that, on complaint by the plaintiff of the leaky condition of the roof, the defendant caused it to be repaired in December. Assuming that the jury could have found in plaintiff's favor upon this issue, the measure of damages would be the difference between the rental value of the place as represented and guarantied and as it was, and upon this question no evidence whatever was given, beyond the fact that the plaintiff agreed to pay $25 a month. The plaintiff claimed that his profits during the two months preceding the first storm amounted to from $25 to $30 weekly, but, even if loss of profits were recoverable, there was no evidence given showing their amount. There was no proof of the difference in the amount of profits, or anything indicating loss, beyond what has been stated. The anticipated profits could not be made the basis of a claim in this case; the rule applicable to the facts being, as already suggested, the difference in value of the use of the premises as they are, and as the lessor agreed they were, or as he agreed to put them. Myers v. Burns, 35 N. Y. 269; Cook v. Soule, 56 N. Y. 420; Pryor v. Foster, 130 N. Y. 171, 29 N. E. 123; Thomson-Houston Electric Co. v. Durant Land Improvement Co., 144 N. Y. 34, 47, 39 N. E. 7; Drago v. Mead, 30 App. Div. 258, 51 N. Y. Supp. 360; Huber v. Ryan, 57 App. Div. 34, 67 N. Y. Supp. 972. The judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs.    All concur.