SAFFER et al. v. LEVY.

(Supreme Court, Appellate Term. May 5, 1904.)

1. LANDLORD AND TENANT—ACTION FOR RENT—COUNTERCLAIM—BREACH OF COVENANT TO REPAIR—EVIDENCE—QUESTION FOR JURY.

Where, in an action for rent under a lease stipulating that, in case of the partial destruction of the demised premises by fire, the lessor shall make all repairs as speedily as possible, defendant sets up a counterclaim for damages based on the lessor's breach of covenant to repair, and his evidence raises a question of fact as to whether the lessor made the necessary repairs as speedily as possible, it is for the jury to determine whether the lessor made the repairs in time, and, if he did not, it is for them to assess the damages sustained, as shown by the evidence.

2. SAME—MEASURE OF DAMAGES.

The measure of damages for breach of a lessor's covenant to repair as speedily as possible in case of the partial destruction of the leased premises by fire is the difference between the rental value of the portion of the premises partially destroyed, in the condition it was in as destroyed, and the condition it would have been in if properly repaired, from the time it should have been repaired.

Appeal from City Court of New York, Trial Term.

Action by Morris Saffer and others against Julius Levy. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Johnston & Johnston, for appellant.
Ralph Nathan, for respondents.

FREEDMAN, P. J. The defendant concedes the right of the plaintiffs to recover the amount of rent sued for, and relies wholly on his counterclaim for damages based upon plaintiffs' breach of covenant to repair. Properly construed, the lease provides that if, in case of fire, the damages to the demised premises shall be so extensive as to render them untenantable, the rents shall be proportionately paid up to the time of such damage, and shall from thenceforth cease until such time as the premises shall be put in good repair, but that the lessee's occupation of the premises shall be deemed conclusive proof of their tenantability. By a separate, distinct, and independent clause it is provided that, in case of only partial destruction of the demised premises by fire, the lessors shall make all repairs as speedily as possible. Under this construction of the lease the case should have been submitted to the jury, so far as defendant's counterclaim was concerned, because upon the evidence adduced by the defendant a question of fact was presented as to whether the plaintiffs made the repairs, rendered necessary by the occurrence of a fire, as speedily as possible, and, if they did not, as to the amount of damage sustained by the defendant in consequence

thereof. As to the measure of damages, the decision in Hexter v. Knox, 63 N. Y. 561, does not apply, and the proof offered by the defendant to show loss of profits in his business was properly excluded. The proper measure of damage is the difference between the rental value of the portion of the premises that was partially destroyed in the condition it was in as destroyed, and the condition it would have been in from the time it should have been repaired, if properly repaired. Cook v. Soule, 56 N. Y. 420; Godfrey v. India Wharf Brg. Co., 87 App. Div. 123, 84 N. Y. Supp. 90. Sufficient evidence having been given upon the points indicated to call for the submission of the case to the jury, the direction of a verdict in favor of the plaintiffs was error.

The judgment appealed from must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.