(46 Misc. Rep. 361.)

## MASON v. MASON.

(Supreme Court, Trial Term, Oswego County.  February, 1905.)

1. DIVORCE—ANSWER—COUNTERCLAIM.

Where, in an action for divorce, the answer alleges cruelty and inhuman treatment and failure to support, constituting a counterclaim, under Code Civ. Proc. § 1770, they will not be stricken out as irrelevant.

2. SAME.

In an action for divorce it is not a fatal objection that the answer did not, in express terms, define as a counterclaim the matter set up as such.

Action by John Mason against Maud Mason for divorce. Motion to make defendant's answer more definite and certain, and to strike out certain allegations thereof as irrelevant. Motion denied.

Geo. W. Bradner, for the motion.
R. L. Simons, opposed.

WRIGHT, J. This is an action for divorce. The answer sets up a general denial, and also contains allegations of cruel and inhuman treatment and of failure to support defendant. The plaintiff asks that the latter allegations be stricken from the answer as irrelevant, and that, if they are intended as a counterclaim, they be ordered labeled as such.

These allegations constitute a counterclaim under section 1770 of the Code of Civil Procedure. By the amendment of 1881 the words "the same article," in section 1770, were stricken out, and the words "either of said articles" were substituted in their stead, so that facts which before the amendment were good as a counterclaim to one of said actions were extended to and became good as a counterclaim to either of said actions when accompanied by a denial of the allegations of the complaint. Van Benthuysen v. Van Benthuysen (Sup.) 2 N. Y. Supp. 238. By section 1770 the Legislature intended to enable the parties in such cases to settle their

whole controversy in one action. Spahn v. Spahn, 12 Abb. N. C. 169. In that case the defendant in an action for divorce set up both adultery and cruelty as counterclaims. A motion to compel the defendant to elect between the two counterclaims was denied. In Israel v. Israel, 38 Misc. Rep. 335, 77 N. Y. Supp. 912, the wife denied the allegations of adultery, and set up in her answer acts of cruelty and abandonment. The jury found in her favor on each issue. Separation was decreed upon the defendant's counterclaim. In Waltermire v. Waltermire, 110 N. Y. 183, 17 N. E. 739, the husband brought an action of separation against his wife. The answer alleged cruel and inhuman treatment on the part of the plaintiff, and asked for a decree of separation. The proof shown defeated his action. Judgment of separation was granted the defendant. The case of Griffin v. Griffin, 23 How. Prac. 183, decided in 1862, is relied upon by the plaintiff as an authority that cruel treatment cannot be set up as a counterclaim in an action for divorce. Under section 1770 of the Code of Civil Procedure, and the more recent authorities above referred to, that case must be considered as overruled. The allegations objected to constitute and relate to the defendant's counterclaim, and should not therefore be stricken out. The objection of redundancy is not forceful.

It is not a fatal objection that the answer did not in express terms define as a counterclaim the matter set up as such, inasmuch as it distinctly appears by the relief demanded that it was intended as a counterclaim. Metropolitan Trust Co. v. Tonawanda R. R. Co., 18 Abb. N. C. 368, 380; McCrea v. Hopper, 35 App. Div. 572, 55 N. Y. Supp. 136; Baylies, Code Pl. & Pr. 115. The motion is denied, with $10 costs.

Motion denied, with $10 costs.