### SHOTLAND v. MULLIGAN.

(Supreme Court, Appellate Term. June 30, 1908.)

1. PLEADING—COUNTERCLAIM—SUFFICIENCY.
    Matter set up in an answer is not fatally defective as a counterclaim, because not expressly defined as such, where it distinctly appears that it was intended as a counterclaim.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 294.]

2. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—DEFENSES—COUNTERCLAIM.
    Under the express terms of Code Civ. Proc. § 2244, as amended in 1893 (Laws 1893, p. 1750, c. 705), which section is applicable to the New York Municipal Court, a tenant may in summary proceedings interpose a general denial and a counterclaim as a defense to the landlord's claim of possession, and, though he can obtain no affirmative judgment on the counterclaim, he can have his damages set off to the extent of the landlord's claim, and if the damages are in excess of such claim the excess may be recovered in another action; his set-off or counterclaim being extinguished only to the amount of the landlord's demand.

3. SAME.
    Damages for breach of covenant by a landlord cannot only be recouped by the tenant in an action for rent, but, under Code Civ. Proc. § 2244, can be set off to the extent of the landlord's claim for rent, to defeat a summary proceeding for nonpayment of the rent.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 1276–1280.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Summary proceedings by Paul Shotland, landlord, against Delia Mulligan, tenant. From a judgment and a final order in favor of the landlord, the tenant appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Duncan & Duncan, for appellant.
McKee & Johns, for respondent.

GILDERSLEEVE, P. J. This is an appeal from a final order and judgment made and rendered in favor of the landlord against the tenant in proceedings for the possession of premises No. 17 West Twenty-Fourth street, in the borough of Manhattan, city of New York. The proceedings were commenced by the filing of a petition alleging that Paul Shotland was the landlord of the premises in question, and that Delia Mulligan was the tenant, and that she was in possession under a lease theretofore entered into between Shotland and Mulligan, and that no rent had been paid by the tenant for the months of January and February, 1908. The tenant set up a general denial, and also pleaded, as an additional defense and for a counterclaim, that on or about the 6th day of June, 1907, by a written lease between the landlord and the tenant, the landlord leased to the tenant the three upper floors of premises known as No. 17 West Twenty-Fourth street, New York City, for a period of 4 years and 8 months from September 1, 1907, at $2,000 for the first year and $2,400 per annum for the remainder of the term; also that the said lease contained a provision that the said premises should be used and occupied as bachelor apartments and furnished rooms, and contained a covenant on the part of the landlord of which the following is a copy:

"Sixteenth. That the landlord shall install a steam heating system, hot water supply, and put in five new tubs and toilets, as agreed by both parties as to location."

Also that prior to the making of said lease the landlord and tenant agreed upon the location of said toilets; also that the lease contained a covenant on the part of the landlord of which the following is a copy:

"Seventeenth. That the landlord shall supply hot water the year round and steam heat as same may be needed."

Also that the tenant entered into possession of said premises and rented out the rooms, to be used as bachelor apartments and furnished rooms, as provided in said lease. The tenant then pleaded that the landlord had failed to perform said covenants, in that he had not furnished the toilets, steam heating, and hot water supply, referred to in said covenants, and had failed to supply hot water and steam heat, as provided in the said covenants, and that by reason of the failure of the landlord to install an efficient steam heating and hot water supply, and his failure to furnish steam heat, hot water, and toilets, as agreed, roomers, whom tenant had obtained in said premises, refused to stay in said apartments, and had vacated the same, and that the said tenant had been unable to keep the rooms and apartments in said house rented, to her loss and damage, for rents which she otherwise would have received, in the sum of $1,509.-

50, and that she had suffered other expenses for coal, gas, heating, and other incidentals, amounting to the sum of over $500, all by reason of the landlord's default as aforesaid. The tenant then demanded in her prayer:

"That the proceedings be dismissed, with costs, and for such further or other relief as it is within the power of the court to grant, and which to it may seem meet and just."

The proceeding came on for trial, and the attorney for the landlord moved for judgment on the pleadings, and for a direction to the jury to render a verdict for the petitioner, on the alleged ground that the defense set up by the tenant was immaterial and unavailing in a dispossess proceeding, and on the ground that there was no authority for such defense, and, if such testimony were allowed, it would not be warranted upon any authority of law or otherwise. The court granted this motion, and the tenant's attorney excepted. Thereupon the court directed the jury to bring in a verdict for the landlord for the possession of the premises for the nonpayment of the rent of January and February.

In putting in the second defense, the tenant preceded it by the words "For a second defense," and did not refer to it as a counterclaim, and the prayer for relief, as above stated, is as follows:

"Wherefore the tenant demands that these proceedings be dismissed, with costs, and such further or other relief as is within the powers of this court to grant, and which to it may seem meet and just."

However, it is not a fatal objection that the answer did not in express terms define as a counterclaim the matter set up as such, inasmuch as it distinctly appears that it was intended as a counterclaim. Mason v. Mason, 46 Misc. Rep. 361, 94 N. Y. Supp. 868; Williams v. Conners, 53 App. Div. 599, 66 N. Y. Supp. 11; Hughes v. Harlam, 37 App. Div. 528, 55 N. Y. Supp. 1106; Gray v. Fuller, 17 App. Div. 29, 44 N. Y. Supp. 883; Prout v. Chisolm, 89 Hun, 108, 34 N. Y. Supp. 1066; Frear v. Pugsley, 9 Misc. Rep. 316, 30 N. Y. Supp. 149. A counterclaim may be established in favor of the tenant against the landlord to defeat a landlord's summary proceeding to recover property.

Section 2244 of the Code of Civil Procedure, as amended in 1893 (Laws 1893, p. 1750, c. 705), reads as follows:

"At the time when the precept is returnable, * * * the person to whom it is directed * * * may file with the judge or justice who issued the precept * * * a verified answer, verified in like manner as a verified answer in an action in the Supreme Court, denying generally the allegations, or specifically any material allegation, of the petition or setting forth a statement of any new matter constituting a legal or equitable defense or counterclaim. Such defense or counterclaim may be set up and established in like manner as though the claim for rent in such proceeding was the subject of an action."

Section 2244 of the Code of Civil Procedure is applicable to the Municipal Court of the city of New York. Sage v. Crosby, 33 Misc. Rep. 117, 118, 67 N. Y. Supp. 139. Under this section of the Code a tenant may, in summary proceedings, interpose a general denial

and counterclaim as defense to the landlord's claim of possession; but he can obtain no affirmative judgment on this counterclaim. Wulff v. Cilento, 28 Misc. Rep. 551, 59 N. Y. Supp. 525. The tenant's damages may be offset by way of counterclaim to the extent of the claim of the landlord, and, if the damages are in excess of such claim, the excess may still be recovered in another action. Gordon v. Van Cott, 38 App. Div. 564, 56 N. Y. Supp. 554; Jefferson Co. v. Hiller & Sons, 39 Misc. Rep. 786, 81 N. Y. Supp. 374. A defendant who, in the use of a set-off or counterclaim interposed by him, is necessarily confined to the defeat of the plaintiff's demand, and is not permitted to obtain an affirmative judgment, is entitled to split said set-off or counterclaim, and his recovery only extinguishes his set-off or counterclaim to the amount of the plaintiff's demand. Gordon v. Van Cott, 38 App. Div. 564, 56 N. Y. Supp. 554. Damages for breach of covenant by the landlord cannot only be recouped by the tenant in an action for rent; but, under section 2244 of the Code, can be set off to the extent of the landlord's claim for rent, to defeat a summary proceeding for nonpayment of rent.

The judgment and final order must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.