### HETT v. LANGE.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

1. LANDLORD AND TENANT (§ 298*)—ACTION TO DISPOSSESS—COUNTERCLAIM—WHEN ADMISSIBLE.

Under Code Civ. Proc. § 2244, providing that in an action to dispossess a tenant he may set up a counterclaim as in an action for rent, in an action to dispossess the tenant may counterclaim for damages suffered prior to the time of his failure to pay the rent for which the possessory proceedings were brought.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1280; Dec. Dig. § 298.*]

2. COURTS (§ 189*)—COUNTERCLAIM—CODE CIV. PROC. § 2244—APPLICABLE TO MUNICIPAL COURTS.

Code Civ. Proc. § 2244, providing that a tenant may set up a counterclaim in an action to dispossess him, as in an action for rent, is applicable to actions in the Municipal Courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

3. LANDLORD AND TENANT (§ 298*)—ACTION TO DISPOSSESS—COUNTERCLAIM—EXTENT OF.

In an action by the landlord to dispossess for failure to pay rent, the tenant could not have an affirmative judgment on his counterclaim for damages, but could set off such damages to the extent of the landlord's claim.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1280; Dec. Dig. § 298.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. LANDLORD AND TENANT (§ 298*)—ACTION TO DISPOSSESS—COUNTERCLAIM—
UNPAID RENT—PAYMENT INTO COURT—TERMINATION OF ACTION.

When, in an action by a landlord to dispossess for failure to pay rent,
the tenant's damages having been set off and the amount of unpaid rent
determined, the tenant may pay the same into court at any time before
the warrant is issued, and upon so doing the landlord's right to dispos-
sess terminates, and the proceeding must be dismissed.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
1278–1280; Dec. Dig. § 298.*]

5. LANDLORD AND TENANT (§ 310*)—ACTION TO DISPOSSESS—VALIDITY OF JUDG-
MENT.

In an action by a landlord to dispossess his tenant for failure to pay
rent, where a money judgment in favor of the landlord for the rent was
not asked by him, he could not be compelled to accept it.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §
1319; Dec. Dig. § 310.*]

Appeal from Municipal Court, Borough of Richmond, Second Dis-
trict.

Action by Edward Hett against Charles Lange to dispossess for fail-
ure to pay rent. From a money judgment for plaintiff, he appeals.
Reversed, and remitted to the Municipal Court for the entry of a final
order in conformity with the requirements of section 2249 of the Code
of Civil Procedure.

Argued before HIRSCHBERG, P. J., and WOODWARD, THOM-
AS, RICH, and CARR, JJ.

Wilson R. Mendell, for appellant.
James A. Donegan, for respondent.

RICH, J.   On March 8, 1909, the appellant leased to the respondent
certain premises to be used as a picnic ground, on which there was a
dining hall, a dancing pavilion, restaurant, and hotel, for the period of
three years, at a rental of $1,075 for the first year, $1,225 for the sec-
ond, and $1,300 for the third year, payable in advance in equal half-
yearly installments.   The appellant covenanted and agreed with the
tenant to furnish, without further charge or cost, the water that was
required for use upon the premises from the 1st day of May until the
18th day of September of each year.   The tenant took possession and
paid the first six months' rent in advance.   The landlord neglected and
failed to furnish or supply the water as he had agreed to do during
this six months, or up to September 18th.   Because of this the tenant
omitted to pay the rent due and payable on October 1, 1909, for the
six months ending on April 1, 1910, and this proceeding was instituted.
The tenant answered, setting up a counterclaim for damages sustained
through the landlord's failure to furnish water as agreed, and upon the
trial the court found, upon sufficient evidence, that the tenant had sus-
tained damages to the amount of $350, which he allowed upon the
counterclaim, and further found that, after applying this allowance,
there was due and unpaid rent to the amount of $187.50, for which he
rendered a money judgment in favor of the landlord and against the
tenant.

It is contended that the court erred in allowing the counterclaim

in any amount, for the reason that the proceeding was brought to dispossess the tenant for rent due and unpaid on October 1, 1909, for six months next following, while the breach of covenant by the landlord occurred during the preceding· six months, for which rent had been paid. There is no force in this contention. A counterclaim may be interposed in summary proceedings, in like manner as though the claim for rent in such proceeding was the subject of an action. Code Civ. Proc. § 2244. And this section is applicable to the Municipal Courts. Sage v. Crosby, 67 N. Y. Supp. 139, 33 Misc. Rep. 117; Jefferson Real Estate Co. v. Hiller & Sons, 39 Misc. Rep. 784, 81 N. Y. Supp. 374; Flegenheimer v. Dreyer, 72 App. Div. 589, 76 N. Y. Supp. 573. Although the tenant may not have an affirmative judgment on his counterclaim, he can have his damages set off to the extent of the landlord's claim (Shotland v. Mulligan, 60 Misc. Rep. 58, 111 N. Y. Supp. 642), and when such damages have been ascertained, set off, and the amount of unpaid rent determined, the tenant may pay the same into court at any time before the warrant is issued, and upon so doing the landlord's right to dispossess terminates and the proceeding must be dismissed. Matter Flewwellin v. Lent, 91 App. Div. 430, 86 N. Y. Supp. 919.

It is further urged that the tenant was awarded a greater amount than claimed; but this contention is not supported by the facts. The counterclaim contains three items, one of $30, one of $250, and one of $280, and the demand for judgment on the counterclaim is for $560. But the trial court did err in rendering a money judgment in favor of the landlord and against the tenant. Jarvis v. Driggs, 69 N. Y. 143, 147; Bennett v. Nick, 29 Misc. Rep. 632, 61 N. Y. Supp. 106. The landlord had not asked for such a judgment, and could not be compelled to accept it. He brought his proceeding, not to recover the unpaid rent, but to dispossess his tenant for its nonpayment, and he was entitled to the relief he asked if any rent was found due and unpaid, and the power of the court was limited to the entry of a final order.

The judgment and order of the Municipal Court must therefore be reversed, with costs to the appellant, and the proceeding remitted to the Municipal Court for the entry of a final order in conformity with the requirements of section 2249 of the Code of Civil Procedure. All concur.