## SHOTLAND v. MULLIGAN.

(Supreme Court, Appellate Term. February 1, 1912.)

1. LANDLORD AND TENANT (§ 298*)—RECOVERY OF POSSESSION—COUNTERCLAIM FOR BREACH OF COVENANT.

In proceedings by a landlord to recover possession, damages for his breach of a covenant in the lease are available as a defense or counterclaim to the extent of the rent due.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 298.*]

2. LANDLORD AND TENANT (§ 159*)—BREACH OF LANDLORD'S COVENANT TO EQUIP PREMISES—MEASURE OF DAMAGES.

The measure of damages for the failure of a landlord to equip the premises in accordance with a covenant of the lease is the difference between the rental value of the premises for the purposes specified in the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lease equipped as therein provided and the rental value of the premises as furnished.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 159.*]

3. LANDLORD AND TENANT (§ 159*)—BREACH OF LANDLORD'S COVENANT TO EQUIP PREMISES—EVIDENCE—ADMISSIBILITY.

On the issue of the amount of damages for the failure of a landlord to equip the premises in accordance with the covenants of the lease, evidence of the rental value of the premises equipped in the manner provided for in the lease is admissible; the parties contemplating a subletting of the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 159.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Summary proceedings by Paul Shotland against Delia Mulligan. From a judgment for plaintiff in the Municipal Court on a directed verdict, defendant appeals. Reversed, and new trial ordered.

See, also, 141 App. Div. 929, 126 N. Y. Supp. 1146.

Argued November term, 1911, before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Duncan & Duncan (James N. Catlow, of counsel), for appellant.
Gates Hamburger (Herman Joseph, of counsel), for respondent.

PENDLETON, J. The lease by the plaintiff to the defendant was for 4 years and 8 months from September 17, 1907, to May, 1912, rent payable monthly in advance, and the nonpayment of rent for February, March, April, and May, 1911, was conceded. The premises consisted of three upper floors of No. 17 West Twenty-Fourth street, and by the provisions of the lease were to be used as bachelor apartments, furnished rooms, and light business. The lease provided:

"That the landlord shall install a steam-heating system, hot water, and put in five new tubs and toilets, as agreed by both parties as to location" and "that the landlord shall supply hot water the year round and steam heat as may be needed."

For answer, by way of counterclaim, to the petition of the landlord, the defendant alleged the failure of the landlord to comply with the foregoing provisions of the lease, and that thereby the rental value had been decreased, and she had been damaged in an amount in excess of the rent claimed. She also alleged numerous proceedings previously brought for rent theretofore accruing, in which the same breach of covenant had been set up, which proceedings had terminated by a decision in her favor.

Defendant introduced at the trial evidence to show the failure of the landlord to comply with the aforesaid provisions of the lease and the records of the prior proceedings. It appeared that defendant had remained in possession of the premises and had collected rent from her subtenants. Defendant offered evidence to show the alleged damages suffered by her. This was excluded, and a verdict directed for plaintiff landlord. The appeal raises the question as to whether there was error in the exclusion of testimony as to the alleged damages.

[1] It is conceded that, in proceedings to recover possession by a landlord, damages for a breach by the landlord of a covenant in the lease may be set up by way of a defense or counterclaim to the extent of the rent due. Shotland v. Mulligan, 60 Misc. Rep. 58, 111 N. Y. Supp. 642.

[2] The measure of damages for the failure of the landlord to equip the premises in accordance with the covenants of the lease during the months in question is the difference between the rental value of the premises for the purposes specified in the lease, equipped and supplied as therein provided, and the rental value of the same premises as furnished. Witherbee & Gray v. Meyer, 155 N. Y. 446, 50 N. E. 58; Drago v. Mead, 30 App. Div. 258, 51 N. Y. Supp. 360; Godfrey v. India Wharf Co., 87 App. Div. 123, 84 N. Y. Supp. 90; Kienle v. Gretsch Realty Co., 133 App. Div. 391, 117 N. Y. Supp. 500.

[3] The defendant was asked: "What, in your opinion, is the value of the three upper floors of premises No. 17 West Twenty-Fourth street, assuming that steam heat had been furnished as needed, hot water supplied the year round, and toilets had been put in as agreed?" The question was objected to as incompetent and immaterial, and not the measure of damages. This was sustained, and exception taken. The objection was not directed to the qualifications of the witness as an expert, but only to the materiality of the evidence on the question of damages. The rental value of the premises, equipped and supplied with heat as provided in the lease, was a material fact. The question asked was directed, as the context shows, to eliciting proof of that fact, and the exclusion of the evidence was error. It is unnecessary to consider the other questions raised.

Judgment and final order reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.