East Forty-sixth Street Realty Corporation, Landlord-Respondent, *v.* Max Gutschneider, Inc., Tenant-Appellant.

(Supreme Court, Appellate Term, First Department, May, 1918.)

Summary proceedings — in Municipal Court. of city of New York — landlord and tenant — judgments — jurisdiction — counterclaim.

Where in a summary proceeding instituted in the Municipal Court of the city of New York for non-payment of rent by the grantee of the leased premises, the tenant pleads as a separate defense and counterclaim a cause of action against the petitioner's grantor in an amount in excess of the jurisdiction of the court, in respect to which no affirmative judgment can be granted, and judgment is rendered in favor of the tenant, he, in a proceeding to dispossess him for non-payment of rent subsequently accrued, may avail himself of the surplus of the same counterclaim above the petitioner's claim in the first proceeding, and interpose the same as a defense or counterclaim in the second.

Appeal by defendant from a final order in summary proceedings, in the Municipal Court of the city of New York, borough of Manhattan, first district, in favor of plaintiff, which also dismissed the defendant's counterclaim.

Appellate Term, First Department, May, 1918. [Vol. 103.

Henry H. Silver (Abraham Rosenstein and Moses Feltenstein, of counsel), for appellant.

Milton Mayer (Goodman Block, of counsel), for respondent.

Bijur, J.   This proceeding was instituted against the defendant-tenant (by the purchaser of the premises from the original owner from whom defendant had leased the same as tenant) to dispossess it for failure to pay $525 rent for the month of January, 1918.

The defendant conceded the non-payment of the rent.   It, however, set up as " a separate and distinct defense and as a counterclaim or set off " a cause of action against plaintiff's grantor for some $7,000.   It appeared that in another proceeding of the same character between the same parties to recover possession of the premises for non-payment of the rent for the previous December the same cause of action was similarly pleaded as a defense and counterclaim by the defendant-tenant, and in the previous action judgment had been rendered in favor of the tenant.

The learned judge below was apparently of opinion that the entire counterclaim had been disposed of by the previous action, and that it was no longer available to defendant in the instant proceeding.   It is plain, however, that where a counterclaim is interposed to a cause of action in a court the jurisdiction of which is limited in amount, or in a proceeding in which no affirmative judgment can be granted in respect of the counterclaim (*Hett* v. *Lange,* 139 App. Div. 743), the defendant may avail of the excess or surplus of the counterclaim above the plaintiff's claim in the first action and interpose the same as a defense or counterclaim in the second.   *Gordon* v. *Van Cott,* 38 App. Div. 564.

The order must, therefore, be reversed and a new trial granted, with thirty dollars costs to appellant to abide the event.

WHITAKER and DELEHANTY, JJ., concur.

Order reversed and new trial granted, with costs to appellant to abide event.