JOHN V. HUGHES et al., as Executors of EDMUND F. GLAVIN, Deceased, Appellants, v. RUSSELL M. WAGNER et al., Respondents.— This is an appeal from a judgment of the City Court of Albany in a summary proceeding for the removal of a tenant for nonpayment of rent and to recover rent alleged to have been due. The appeal is taken only from the final order dismissing appellants' first cause of action for rent due, and from the decision staying for ten days execution of the final order granted in the second cause of action. Appellants, as landlords, sought to remove the tenant for failure to pay rent and taxes as provided for in a written lease. The lease was for premises used as a gas station for a term of five years, with an option to renew for five years upon the same terms and conditions. The annual rent was fixed at $3,600 to be paid monthly in advance at the rate of $300 a month. In addition, the lease provided that in the event the assessed value of the premises was raised so as to increase the amount of taxes the tenant agreed to pay the amount by which the taxes were increased. The petition in the proceeding for the first cause of action alleged that rent was unpaid for the months of December, 1955, and January, February, March and April of 1956, totaling in amount the sum of $1,500 plus interest less a partial payment of $111.50. The trial court upon the basis of petitioners' testimony that all installments of rent subsequent to October, 1953 had been paid by the tenant, found a failure on the part of appellants to prove the first cause of action. The court's finding in this respect was erroneous. The proof disclosed that the payments of 1951 and 1952 were credited to arrearages so that the tenant was always behind in his rent. There was no proof as to how the petitioners credited the lump sum payment of $5,304 in October, 1953. In the absence of such proof it must be presumed that the payments would be credited against the oldest items due (*National Park Bank* v. *Seaboard Bank*, 114 N. Y. 28). In view

of that situation appellants certainly made out a prima facie case on the first cause of action and the order of reversal should be reversed and a new trial granted. The second cause of action related to increased taxes and the appeal therein does not raise any issue as to the finding made by the trial court with relation to the amount thereof. Appellants contend however that it was error for the trial court to stay the execution of the warrant to dispossess after granting a final order. The court's decision stated: " Since there remains a sum unpaid and due by way of taxes, a Final Order, as prayed for by the landlord is herewith granted; execution is stayed ten days. If that presently unpaid sum as aforesaid be paid within ten days, the petition of the landlord shall be dismissed." The sum found due as a result of an increase in taxes was promptly paid into court and the final order dismissed the petition *in toto*. Appellants argue that the court had no power to stay the issuance of a warrant. It may be questionable from a technical viewpoint whether the stay issued was in strict compliance with the provisions of subdivision 1 of section 1435 of the Civil Practice Act which explicitly provides for a stay any time before warrant is issued if the tenant deposits the amount of rent due, taxes or assessments (*Hett* v. *Lange,* 139 App. Div. 743). Since this right was open to the tenant we think there was a substantial compliance with the section cited and no error committed that required a reversal of the proceeding in this connection. The order dismissing the first cause of action is reversed on the law and facts, and a new trial granted, and the decision as to the second cause of action is affirmed, without costs. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.