Leo Frank, as Trustee in Bankruptcy of Solomon Ullman, Appellant, *v.* The Mercantile National Bank of the City of New York, Respondent.

1. Bankruptcy — When Unmatured Notes of Bankrupt May Be Set Off in Action upon Claim against Debtor of Bankrupt — When Rule of Federal Courts Prevails Instead of Rule in This State. Under the U. S. Bankrupt Law (§§ 63, 68) notes made by a bankrupt, but not due at the time of his bankruptcy, are provable against his estate and may, therefore, be set off in an action, brought in the courts of this state by the assignee in bankruptcy, upon a claim against the holder of the notes, but only to the extent necessary to extinguish such claim; since in cases arising under the Bankrupt Law, the courts of this state should be governed by the law of set-off as it prevails in the Federal courts and not by that obtaining in our own courts under which claims unmatured at the time of insolvency cannot be set off against claims held by the assignees of insolvents.

2. When Obligation of Bankrupt May Be Set Off Although Acquired After Commencement of Proceedings. The rule that after insolvency a debtor to the insolvent cannot acquire his obligation for the purpose of using it as a set-off or counterclaim, has no application where the obligation was acquired before the debtor assumed the liability upon which he is sued and, therefore, could not have acquired it for the purpose of using it as a set-off.

*Frank* v. *Mercantile Nat. Bank,* 100 App. Div. 449, affirmed.

(Argued May 30, 1905; decided June 13, 1905.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 23, 1905, which reversed an interlocutory judgment of Special Term sustaining a demurrer to the answer and overruled such demurrer.

The following questions were certified :

" 1. Do the first, second, third, fourth, fifth, sixth or seventh counterclaims set forth in the answer of the defendant herein state facts sufficient to constitute a cause of action against the plaintiff ?

" 2. Are the second, third, fourth, fifth, sixth and seventh set-offs set forth in the answer of the defendant herein insufficient in law upon the face thereof ? "

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles Grossman* and *Morris J. Hirsch* for appellant. The notes in excess of the plaintiff's claim are not a proper counterclaim. (Code Civ. Pro. § 502, subds. 1, 3.) The defendant is not entitled to set off the unmatured notes or to counterclaim thereon. (*People* v. *St. Nicholas Bank*, 76 Hun, 522; *Smith* v. *Felton*, 43 N. Y. 419; *Smith* v. *Fox*, 48 N. Y. 674; *Rothschild* v. *Mack*, 115 N. Y. 1; *Richard* v. *La Tourette*, 119 N. Y. 54; *Matter of Hatch*, 155 N. Y. 401; *Fera* v. *Wickham*, 135 N. Y. 223; *De Camp* v. *Thomson*, 159 N. Y. 444; *Dunn* v. *Uvalde Asphalt Paving Co.*, 175 N. Y. 214; *Bradley* v. *Angel*, 3 N. Y. 475.) The defendant is not entitled to set off or counterclaim on any notes since it acquired them after the filing of the petition in bankruptcy. (*Hunt* v. *Holmes*, 16 N. B. N. R. 101; *Divens* v. *Phelps*, 34 Barb. 224; *Smith* v. *Hill*, 8 Gray, 572; *Muller* v. *Nugent*, 184 U. S. 14; *Smith* v. *Brinkerhoff*, 6 N. Y. 305.)

*William V. Rowe* and *E. H. Sykes* for respondent. The Bankruptcy Act, by its terms, allows the set off of provable debts. The unmatured notes in this case were provable debts, and, therefore, properly the subject of set-off. (*N. Y. C. Nat. Bank* v. *Massey*, 192 U. S. 138; *Matter of P. S. G. Co.*, 1 Am. Bank. Rep. 665; *Matter of Kalter*, 2 N. B. N. R. 264.) The right of set-off as to unmatured obligations has been uniformly allowed in decisions under the old and the present Bankruptcy Statutes. (*N. Y. C. Nat. Bank* v. *Massey*, 192 U. S. 138; *Rose* v. *Hart*, 8 Taunt. 499; *Matter of Kalter*, 2 N. B. N. R. 264; *Matter of Little*, 6 Am. Bank. Rep. 681; *Myers* v. *Dickenson*, 5 Am. Bank. Rep. 595; *Union Nat. Bank* v. *McKay*, 2 N. B. N. R. 913; *Matter of P. S. Glass Co.*, 11 Am. Bank. Rep. 665.) The mutuality of debt required by the statute means merely mutual claims of the estate of the bankrupt and the creditor in the same

right.   (*Scammon* v. *Kimball*, 92 U. S. 362; Clark & Marshall on Corp. §§ 782, 788.)   There exists in the present case a mutual credit within the meaning of the Bankruptcy Act. (*Rose* v. *Hart*, 8 Taunt. 449; *Libby* v. *Hopkins*, 104 U. S. 303; Collier on Bankruptcy [4th ed.], 496.)   That provision of the Bankruptcy Act of 1898 (§ 68b, 2), which does not permit set off of claims assigned subsequent to the filing of the petition, with a view to their use by way of set-off, does not apply to this case.   The defendant, assuming the liabilities of and taking the assets of the National Broadway Bank, stands in that bank's position, and does not come within the meaning or the intent of that provision.   (*Lawrence* v. *Fox*, 20 N. Y. 268.)

CULLEN, Ch. J.   The action is brought by an assignee in bankruptcy to recover the amount of a deposit made by the bankrupt in the National Broadway Bank.   It is alleged in the complaint " that prior to the commencement of the action and in or about the month of May, 1903, the National Broadway Bank duly assigned, transferred and set over to the defendant all the property, assets and effects of said bank, and the defendant agreed to assume the payment of and to pay all the liabilities of said bank."   The answer of the defendant admitted the plaintiff's claim and pleaded as a set-off and counterclaim seven promissory notes made by the bankrupt to the National Broadway Bank and assigned to it by that bank in April, 1903.   Of these notes only one had matured before the adjudication in bankruptcy.   That note is conceded to be a proper set-off.   The question presented is whether the defendant has the right to set off the six other notes.   The Special Term held that they were not a good set-off because they had not matured at the time the title passed from the bankrupt to his assignee.   The learned Appellate Division has held to the contrary.

If the defendant's rights depended on the equitable rule of set-off as it obtains in this state, it is clear that the notes held by it which had not matured at the time of the transfer of the

title from the bankrupt to his assignee could not be set off against the plaintiff's claim. *Fera* v. *Wickham* (135 N. Y. 223) is a conclusive authority to that effect, and so the respondent's counsel concedes. The defendant's claim to a set-off, however, is not based upon the rule in equity which prevails with us, but on the provisions of the Bankrupt Law. Section 68 of that law provides that " In all cases of mutual debts or mutual credits between the estate of the bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid." Section 63 provides : " Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, * * * with a rebate of interest upon such as were not then payable and did not bear interest."

The argument is that as unmatured claims against the bankrupt are provable against his estate, they necessarily are the subject of set-off under the provisions of section 68. We think that this position is well taken, but we shall refrain from entering into any discussion of the question, as the proposition seemed to be settled by decisions of the Federal courts. The uniform current of authority in the District and Circuit Courts of the United States is to that effect and the law is so stated in the text books on bankruptcy. (*Re City Bank of Savings*, Fed. Cas. No. 2,742; *Ex parte Howard Nat. Bank*, Fed. Cas. 6,764; *Re Kalter*, 2 N. B. N. R. 264; *Re Little*, 6 Am. B. R. 681; *In re Meyer & Dickinson*, 5 Am. B. R. 595; *Union Nat. Bank* v. *McKay*, 2 N. B. N. R. 913; *Re Phillip Semmer Glass Co.*, 11 Am. B. R. 665; Collier on Bankruptcy [4th ed.], p. 498; Brandenburg on Bankruptcy, § 1131.)

Moreover the very point seems to have been decided by the Supreme Court of the United States in *Scammon* v. *Kimball* (92 U. S. 362), which arose under the Bankrupt Law of 1867, the provisions of which, so far as they deal with the questions involved in this case, are substantially the same as the present

law. (*N. Y. County Nat. Bank* v. *Massey*, 192 U. S. 138.)
That was an action against the assignee in bankruptcy of a
fire insurance company. The complainant was allowed to set
off the sums owing him on certain policies as against a claim
of the assignee for money on deposit with the complainant as
a banker. The report of the case does not show when the
claim on the insurance policies matured, but that fact appears
from the opinions in two subsequent cases decided by the
same court (*Carr* v. *Hamilton*, 129 U. S. 252; *Scott* v. *Arm-
strong*, 146 id. 499), in which it is stated that the claim for
fire losses in the *Scammon* case did not mature until after the
insolvency of the insurance company.

It may be further stated that the law of equitable set-off
in the Supreme Court of the United States seems to be differ-
ent from that which prevails with us. In *Schuler* v. *Israel*
(120 U. S. 506), which arose out of the attachment of a deposit
in a bank, it was held that the bank could, as against the
attaching creditor, set off all notes of the debtor in the attach-
ment suit held by it, whether matured or not matured at the
time of the attachment. Judge MILLER there said : " While
it may be true that in a suit brought by Israel against the
bank it could, in an ordinary action at law, only make plea of
set-off of so much of Israel's debt to the bank as was then due,
it could, by filing a bill in chancery in such case, alleging
Israel's insolvency, and that, if it was compelled to pay its
own debt to Israel, the debt which Israel owed it, but which
was not due, would be lost, be relieved by a proper decree in
equity." So also in *Carr* v. *Hamilton* (*supra*), which was an
action brought by the receiver of an insolvent life insurance
company to foreclose a mortgage given to it by the holder of
an endowment policy, the policyholder was allowed to set off
as against the mortgage the present value of the policy which
would not mature for some years. As the Bankrupt Law
operates through the whole country, the construction to be
given to it must necessarily be uniform throughout all the
states, not varying with the local law. Therefore, in con-
struing it we should be governed by the law of set-off as it

prevails in the Federal courts and not in our own. In the light of the decisions quoted, as well as under the terms of the Bankrupt Law, we conclude that the defendant had the right to set off the notes which it held against the bankrupt, even though these notes had not matured at the time of the insolvency.

The counsel for the appellant objects to the validity of the set-off on the further ground that the defendant acquired the notes in controversy after the proceedings in insolvency. It is, doubtless, as claimed, the law that after insolvency a debtor to the insolvent cannot acquire his obligation for the purpose of using it as a set-off or counterclaim. It was stated on the argument of this appeal that the notes were acquired in the same transaction by which the defendant assumed the liability on which it is now sued; that is to say, when it took over the assets of the National Broadway Bank, in consideration thereof it assumed this obligation. This fact was not challenged on the argument, although it does not seem to be distinctly stated in the answer. Nevertheless, it does appear by the allegations of the complaint and answer that the defendant acquired the notes in April, 1903, while it assumed the obligation on which it is sued in May of that year. As on the face of the pleadings the notes were acquired before any obligation was entered into by the defendant to pay the plaintiff's claim, it is difficult to see how they could have been procured with any intention to defeat that claim. Doubtless, the fact is as was stated by the counsel, and we have, therefore, treated the defendant as being in the same position and entitled to the same rights as those occupied and possessed by the Broadway bank previous to the assignment.

Of course, the defendant is not entitled to any affirmative judgment against the assignee for the excess in the amount of the notes over the amount of the deposit. It is entitled to use those notes solely as a set-off. The judgment of the Appellate Division simply overrules the demurrer without stating the extent of the relief to be awarded the defendant. The opinion, however, shows that the court intended to allow

the defendant's counterclaim only to the extent necessary to extinguish the plaintiff's claim.

The order and interlocutory judgment appealed from should be affirmed, with costs, and the questions certified answered in the affirmative.

GRAY, O'BRIEN, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Order affirmed.