(120 App. Div. 255)

STEINHARDT v. NATIONAL PARK BANK OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 14, 1907.)

BANKRUPTCY—DEBTORS OF BANKRUPT—SET-OFF.

Under Bankr. Act July 1, 1898, c. 541, § 57, subds. "e," "h," 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450] providing that claims of secured creditors shall be allowed for such sums as to the court seems to be owing above the value of their securities, etc., and section 63, subd. 2, providing that debts of the bankrupt may be proved against his estate where the debts are evidenced by an instrument in writing, and section 68, subds. "a," "b," providing for a set-off in case of mutual debts or

credits between the estate of a bankrupt and a creditor, etc., the trustee in bankruptcy of one having at the time of his bankruptcy a deposit in a bank to which he was a debtor in a larger sum, represented by demand notes secured by collaterals exceeding the amount of the notes, cannot recover the balance due on the deposit; the amount owing by the bank for the deposit being deemed in law to have been applied on the indebtedness of the bankrupt on the notes, and the deposit having been made for more than four months before the bankruptcy.

Appeal from Trial Term, New York County.

Action by Samuel C. Steinhardt, as trustee in bankruptcy of William Cossitt Cone, against the National Park Bank of New York. From a judgment of the Appellate Term (102 N. Y. Supp. 546), affirming a judgment of the City Court in favor of plaintiff, defendant, by leave of the Appellate Term, appeals. Reversed, with directions to dismiss complaint.

Argued before INGRAHAM, LAUGHLIN, CLARKE, SCOTT, and LAMBERT, JJ.

Louis F. Doyle, for appellant.
Robert C. Durland, for respondent.

LAUGHLIN, J. This is an action by a trustee in bankruptcy to recover the balance due on the bankrupt's deposit account with the defendant, a national bank, at the time of his bankruptcy. No question of preference is here presented; for it is not claimed, nor was it shown, that the bankrupt deposited any money to the credit of his account with the defendant within four months of his bankruptcy. On the 18th day of April, 1903, William Cossitt Cone had on deposit with the defendant to his credit the sum of $491.50, and he owed the defendant on demand notes the sum of $8,160, for which he held certain shares of stock as collateral security. On that day certain of his creditors duly filed a petition in the office of the clerk of the District Court of the United States for the Southern District of New York, praying that he be adjudicated a bankrupt, and thereafter, and on the 8th day of May, 1903, he was duly adjudged a bankrupt. This action was commenced on the 27th day of November, 1903, in the Municipal Court, and removed into the City Court on the application of the defendant on the 4th day of December, 1903, to recover the balance of his deposit account. The defendant pleaded that its claim against Cone was provable in bankruptcy and that it had applied the balance of his deposit account thereon, and offset the same pursuant to the provisions of subdivision "b" of section 68 of the bankruptcy act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]). At the time of filing the petition and the adjudication in bankruptcy the stock held as collateral security was worth more than Cone's indebtedness to the bank on the notes.

The decision in the trial court, and its affirmance at the Appellate Term, were made upon the theory that Cone's indebtedness to the defendant on the notes was not provable in bankruptcy, owing to the fact that the value of the collateral security was more than sufficient to pay the balance due on the notes. The only provisions of the bankruptcy statute cited in support of this view are subdivision "b"

of section 68 of the bankruptcy act, which, so far as material to the question presented for decision, provides as follows:

"A set-off or counterclaim shall not be allowed in favor of any debtor of the bankrupt which (1) is not provable against the estate. * * * "

—and subdivision "e" of section 57, which provides that:

"Claims of secured creditors and those who have priority may be allowed to enable such creditors to participate in the proceedings at creditors' meetings held prior to the determination of the value of their securities or priorities, but shall be allowed for such sums only as to the courts seem to be owing over and above the value of their securities or priorities."

—and subdivision "h" of the same section, which provides as follows:

"The value of securities held by secured creditors shall be determined by converting the same into money according to the terms of the agreement pursuant to which such securities were delivered to such creditors or by such creditors and the trustee, by agreement, arbitration, compromise, or litigation, as the court may direct, and the amount of such value shall be credited upon such claims, and a dividend shall be paid only on the unpaid balance."

I am of opinion that the construction placed upon the bankruptcy statute by the City Court and the Appellate Term is erroneous. The first part of section 68 of the bankruptcy act, entitled "Set-Offs and Counterclaims," provides as follows:

"(a) In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid."

The relation between a bank and a depositor is that of debtor and creditor. The notes, being payable upon demand, were due and payable at the time of the filing of the petition in bankruptcy; but, even if they were not, it is well settled that this provision of the bankruptcy act relating to set-offs applies to any debt provable in bankruptcy, even though not then due. Section 1, subd. 11, Bankruptcy Act; In re Philip Semmer Glass Co., 135 Fed. 77, 67 C. C. A. 551. Subdivision 2 of section 63 of the bankruptcy act provides that:

"Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then provable or not, with any interest thereon. * * * "

These notes constituted a fixed liability, were absolutely owing, and were evidenced by instruments in writing, and therefore fall clearly within the provision of the statute with respect to set-offs. It was the duty of the bankrupt, under subdivision d (8) of section 7 of the bankruptcy act to file a schedule showing, among other things, his property, where the same was located and its value, and a list of his creditors, showing the amount due to each and the security, if any, held therefor. This required the bankrupt to schedule the bank account for the recovery of which this action is brought as an asset, and the notes as liabilities, and the stock held as collateral thereto and its values. If the bank held no security for the notes, it is well settled by authority that under the set-off provision of the bankruptcy act, by operation of law, the account owing by the bank to the bankrupt would be applied on the notes, and the balance owing to the bank would alone be provable in bankruptcy. In re Myers et al. (D. C.)

99 Fed. 691; New York County Bank v. Massey, 192 U. S. 138, 24 Sup. Ct. 199, 48 L. Ed. 380; In re Shults et al. (D. C.) 132 Fed. 573; In re George M. Hill Co., 130 Fed. 315, 64 C. C. A. 561, 66 L. R. A. 68; In re Scherzer (D. C.) 130 Fed. 631; In re Philip Semmer Glass Co., supra. It is quite clear, also, that the same rule would obtain if the securities held by the bank did not equal in value the amount of the indebtedness of the bankrupt to it.

The only argument advanced in favor of a change of the rule, where the value of the securities equals or exceeds the indebtedness as collateral to which they are held, is that the bank, as a creditor, could not have participated in the selection of a trustee, because at that time there was no surplus of liability over the amount of the security. That, however, is a special provision regulating the participation of creditors in the selection of a trustee, and there is no provision of the statute which precludes a creditor from proving his claim in bankruptcy merely because he has collateral security therefor covering the indebtedness either in whole or part. It is manifest, of course, that the creditor, without surrendering the security, may not have his claim allowed for the full amount, and, while retaining the security and proving his claim, it could only be allowed for the difference between the value of the security and the claim. Proof of the claim is one thing, and its allowance is quite another. The defendant had one year within which to prove its claim in the bankruptcy court. Subdivision "n," § 57, Bankruptcy Act. This action was brought before the expiration of that period. I am of opinion that the rule with respect to offsets is the same, even though the claim of the creditor against the bankrupt is fully secured. The amount owing by the bank for the moneys on deposit is deemed in law to have been applied upon the indebtedness of the bankrupt to the defendant on the notes. It appears that subsequent to the commencement of the action, and some 18 months after the adjudication in bankruptcy, the defendant sold the securities, which had then greatly depreciated in value, owing to a change in the stock market, and the amount realized thereon was insufficient to pay the balance due upon the notes.

Owing to the expiration of the year, the defendant had doubtless lost its right to prove its claim in bankruptcy; but that is of no consequence in the determination of this appeal, for it was entitled to the benefit of the set-off provision of the bankruptcy act, regardless of the fact that it failed to prove its claim in bankruptcy. Norfolk & Western Railway Co. v. Graham, 145 Fed. 809, 76 C. C. A. 385. The rights of the parties with respect to the collateral securities depends upon the agreement between the defendant and the bankrupt, and upon the provisions of subdivision "h" of section 57 herein quoted. In re Mertens, 144 Fed. 818, 75 C. C. A. 548; In re Brown, 5 Am. Bankr. Rep. 220, 104 Fed. 762; In re Lantzenheimer (D. C.) 124 Fed. 716; In re Little (D. C.) 110 Fed. 621. We are not now concerned, however, with the question as to whether there remains any liability on the part of the estate in bankruptcy to the defendant on the notes, or whether the defendant is liable to the trustee in bankruptcy for its failure to sooner sell the securities. The single question presented for decision is whether the bank still remains liable to the trustee for the

deposit account. I am of opinion that by operation of law the amount of the deposit account was applied in reduction of the bankrupt's liability on the notes, which closed the account, and therefore there is no balance for which there can be a recovery.

It follows that the determination of the Appellate Term and the judgment of the City Court should be reversed, with costs; and, as it is manifest that the facts cannot be changed, judgment is directed in the City Court upon the findings already 'made, dismissing the complaint, with costs. All concur.