### TAYLOR v. NICHOLS.

(Supreme Court, Appellate Division, Third Department. November 10, 1909.)

1. PLEADING (§ 36\*)—CONCLUSIVENESS ON PARTY PLEADING.

> Where a trustee in bankruptcy, suing to recover on a note of defendant, alleged the note to have been surrendered by the bankrupt to defendant to give preference to her "as a creditor," and defendant in her answer admitted that she was a creditor of the bankrupt, the trustee is estopped by the pleading from claiming otherwise.

> [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 81–86; Dec. Dig. § 36.\*]

2. BANKRUPTCY (§ 165\*)—TRANSFERS BY BANKRUPT—PREFERENCES.

> Defendant being assumably a creditor of the bankrupt, with a lawful offset to the trustee's claim on the note, the surrender of the note to defendant could not have been an unlawful preference to her, and could not have been in fraud of other creditors.

> [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 165.\*]

Appeal from Trial Term, Delaware County.

Action by Frank A. Taylor, trustee in bankruptcy of W. H. Nichols, against Julia C. B. Nichols. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, SEWELL, and COCHRANE, JJ.

F. W. Welsh, for appellant.

Wesley Gould (C. L. Andrus, of counsel), for respondent.

SMITH, P. J. In the complaint it is alleged that for several years prior to the 3d day of April, 1907, one William H. Nichols was a private banker, doing business in the village of Hancock, in this state; that upon the 18th day of April, 1907, he was adjudged a bankrupt, and this plaintiff was duly appointed his trustee in bankruptcy; that upon the 26th day of January, 1907, with intent to prefer the defendant as a creditor, and to defraud other creditors, the said William H. Nichols surrendered to defendant her promissory note, which he held, in the sum of $4,009.25; that the said note was not due until the 31st day of March, 1907; and that the same was received by the defendant, knowing that said Nichols was insolvent, and with knowledge of his intent to prefer her as a creditor. In the fifth paragraph of the complaint the pleader states a cause of action upon the note, and alleges, notwithstanding the payment of the note by the said William H. Nichols by the transfer of the indebtedness to his individual account,

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the note was still the property of Nichols at the time of the insolvency, and thereby passed to this plaintiff. The prayer for relief is for judgment setting aside the transfer of the note and for the amount due thereupon. The answer admits the giving of the note, but alleges that it was neither given nor received as evidence of indebtedness, and was only a memorandum between the defendant and the father, William H. Nichols, and that it was surrendered to her in adjustment of a claim which she had against her father for the sum of $4,000 for services rendered as his bookkeeper and assistant for some 80 months, at the price of $50 per month. Among the facts found by the court upon the trial, it was found that this note existed, and had been carried and renewed for some time, and upon its renewal the interest or discount was charged to the defendant, and that upon the 26th day of January, 1907, when the note was not due, the same was charged by the father to his individual account, and the note thereafter surrendered to the defendant. The court further found:

"Fourteenth. That the said act of William H. Nichols in causing the note of defendant to be charged up to his individual account was an attempt upon his part to transfer the same to his daughter, and was within four months prior to the filing of his petition in bankruptcy, and that the same was done with the intent on his part to hinder, delay, and defraud his creditors.

"Fifteenth. The defendant, at the time her said note was charged up as aforesaid, had reasonable cause to believe that the same was so transferred for her benefit, and to relieve her from the payment thereof, and to give her a preference over other debtors to said bankrupt, and the same was a fraud on his creditors.

"As conclusions of law: That the said attempted cancellation of the note of defendant was void, and should be set aside, and that the plaintiff have judgment therefor, and against the defendant, for the amount of the note aforesaid, with costs."

In our consideration of this case it must be assumed that this defendant was a bona fide creditor of her father, William H. Nichols, because, first, it is so assumed in the complaint. It is alleged that the surrender of the note was for the purpose of giving preference to her "as a creditor," and that the transfer was thus in fraud of other creditors. That she was a creditor of the defendant is admitted in the defendant's answer, and the plaintiff is therefore estopped by the pleading from claiming otherwise. Second. There is no finding to the contrary by the trial court. He finds that she gave assistance to her father in his business and in his banking business, and that her two brothers "were also employés in his bank." It is nowhere intimated that her claim is fictitious, and the surrender of the note to her was set aside "as a preference." Third. A finding to the effect that the claim was fictitious would not be supported by the evidence. The plaintiff's case was in main proven by the testimony of William H. Nichols himself, who swore to the indebtedness. The defendant also swore to the indebtedness, and there is no contrary evidence. In fact, the issue does not seem to have been in the case, either in the pleading or upon the trial.

With this fact assumed, then, if this note had not been surrendered, and this were an action brought against the defendant thereupon, the defendant's claim could be offset against the note. Bankr. Act July 1,

1898, c. 541, § 68, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3450). While the note was not due at the time it was surrendered, it became due the latter part of March, 1907, and the petition in bankruptcy was not filed until April, so that at the time of the transfer of the assets to the trustee in bankruptcy both claims were due, and the defendant's claim would constitute a legal offset. Even if defendant's claim had not been due at the time of the acquiring of the title by the trustee in bankruptcy, it would nevertheless have constituted an equitable offset against plaintiff's claim. Rothschild v. Mack, 115 N. Y. 1, 21 N. E. 726; Richards v. La Tourette, 119 N. Y. 54, 58, 23 N. E. 531. It would seem, then, to follow as a necessary corollary to this proposition that, if the defendant had a lawful offset to plaintiff's claim, the surrender of the note could not have been an unlawful preference to her as a creditor or a debtor, and could not have been in fraud of other creditors.

These conclusions render unnecessary the consideration of the appellant's claim that illegal evidence was introduced by the plaintiff in the form of schedules in bankruptcy and the evidence of William H. Nichols in the bankruptcy proceeding. As to this defendant this evidence would seem to have been hearsay, as declarations of parties out of court, as to which the right of cross-examination has never been hers.

The judgment should, therefore, be reversed upon the law and fact, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed on law and facts, and new trial granted, with costs to appellant to abide event. All concur, except SEWELL, J., not voting; KELLOGG, J., concurring in result only.