### MANDEL v. KOERNER (two cases).

(Municipal Court of the City of New York, Borough of Manhattan, Second District. October 17, 1914.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—SUMMARY PROCEEDINGS TO RECOVER DEMISED PREMISES—PLEADING—DEFENSES.

Code Civ. Proc. § 2244, providing, relative to summary proceedings by a landlord to recover possession, that the answer may set forth any new matter constituting a legal or equitable defense or counterclaim, and that such defense and counterclaim may be set up and established as though the claim for rent was the subject of an action, applies to proceedings in the New York City Municipal Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

2. LANDLORD AND TENANT (§ 298*)—DISPOSSESS PROCEEDINGS—DEFENSES—SET-OFF.

Under Code Civ. Proc. § 2244, in a proceeding to dispossess a tenant for nonpayment of rent due on August 1st and September 1st to a private banker, whose business and property was taken possession of by the superintendent of banks on August 4th, the tenant was entitled to set off against the claim for rent a deposit in his landlord's bank, since, though the claim of the party asking a set-off against a demand upon him held by an insolvent estate must have been due at the time of the insolvency, the debt due to the insolvent estate may have matured after insolvency.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1276–1280; Dec. Dig. § 298.*]

3. BANKRUPTCY (§ 154*)—COLLECTION OF ASSETS—SET-OFF—"DEBT."

Under Bankr. Act July 1, 1898, c. 541, § 68, 30 Stat. 565 (U. S. Comp. St. Supp. 1911, p. 3450), providing that, in all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor, the account shall be stated, and the one debt set off against the other, and the balance only allowed or paid, where a petition in involuntary bankruptcy was filed on August 5th against a private banker, the bankrupt's tenant would be entitled to set off a deposit in his landlord's bank against rent due August 1st and September 1st, since the definition "debt," in the Bankruptcy Act, as including any debt, demand, or claim provable in bankruptcy, applies to that word as used in section 68.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 451–455; Dec. Dig. § 154.*

For other definitions, see Words and Phrases, First and Second Series, Debt.]

4. BANKS AND BANKING (§ 71*)—LIQUIDATION—STATUS OF SUPERINTENDENT OF BANKS—DEPOSITOR'S RIGHT OF SET-OFF.

Where the superintendent of banks takes possession of the property and business of a private banker, he is merely a custodian and liquidator of the assets, and acquires no title thereto; and hence his possession did not affect the right of a tenant of the banker to set off a deposit against the claim for rent.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 143–147; Dec. Dig. § 71.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Two summary proceedings to dispossess a tenant by the superintendent of banks, in the name of Adolph Mandel, against Benny Koerner. Final orders in each proceeding for defendant.

Jeremiah T. Mahoney, of New York City (Warren C. Fielding, of New York City, of counsel), for superintendent of banks.

Harris Koppelman, of New York City, for tenant.

SPIEGELBERG, J. These proceedings are brought by the superintendent of banks in trust for creditors of the landlord to dispossess the tenant for nonpayment of rent due, respectively, on August 1, 1914, and September 1, 1914. The proceedings are submitted to the court on an agreed statement of facts. The landlord was a private banker doing business in the city of New York. On August 4, 1914, the superintendent of banks of the state of New York took possession of the property and business of Mandel, for the purpose of liquidating the same in the interest of all the depositors. Koerner was a tenant in premises owned by Mandel, paying an agreed rental of $12 a month, payable on the 1st of the month in advance. The rent due on the first days of August and September was not paid. Koerner, prior to August 4, 1914, was a depositor in Mandel's bank, and on August 4, 1914, there was to his credit with said banker a sum greatly in excess of the rent involved in these proceedings. The tenant claims that in these proceedings he is entitled to set off the amount of the rent against his deposit.

[1, 2] It is difficult to perceive on what possible theory the landlord can succeed in these proceedings. Section 2244 of the Code of Civil Procedure permits a counterclaim to be set up in a summary proceeding, and "such defense or counterclaim may be set up and established in like manner as though the claim for rent in such proceeding was the subject of an action." There is no doubt that this section applies to the Municipal Court. Shotland v. Mulligan, 60 Misc. Rep. 58, 111 N. Y. Supp. 642; Hett v. Lange, 139 App. Div. 743, 124 N. Y. Supp. 573. So far as the proceeding in which the August rent is involved is concerned, the right of a tenant to a set-off is undeniable. The debt owing to Mandel, as well as the one owing to Koerner, were due on August 4, 1914, and in such cases a set-off will always lie. Fera v. Wickham, 135 N. Y. 223, 31 N. E. 1028, 17 L. R. A. 456. But although the claim of a party asking a set-off against a demand upon him held by an insolvent estate must have been due at the time of the insolvency, the debt due to the insolvent estate may have matured after the insolvency. In re Hatch, 155 N. Y. 401, 50 N. E. 49, 40 L. R. A. 664. This rule disposes of the second proceeding involving the September rent in favor of the tenant.

[3] The fact that on August 5, 1914, a petition in involuntary bankruptcy was filed against Mandel does not alter the situation. An answer has been interposed to the said petition, but no adjudication of bankruptcy has yet been made; but, even assuming that Mandel had been adjudicated a bankrupt, it would not militate against the tenant's right to set off the rent against his deposit. Section 68 of the Bankruptcy Act provides:

"In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid."

Collier, in his work on Bankruptcy (10th Ed., p. 575), commenting on this section, says:

"Strictly, the time when the right to set-off is determined is the time the petition is filed. But it makes no difference whether the debts are payable in futuro or in præsenti."

The decisions in this state uniformly hold that debts sought to be set off against claims of the bankrupt estate may be payable in the future. Taylor v. Nichols, 134 App. Div. 783, 119 N. Y. Supp. 919; Frank v. Mercantile National Bank, 182 N. Y. 264, 74 N. E. 841, 108 Am. St. Rep. 805. Of course in this case the indebtedness on account of the September rent was due at the time when the lease was made, but did not become payable until September 1, 1914; but, be this as it may, the federal courts have gone a step further. In Re Philip Semmer Glass Co. (Circuit Court of Appeals, Second Circuit) 135 Fed. 77, 78, 67 C. C. A. 551, the court, in interpreting section 68, holds that the definition of the word "debt" as given in the Bankrupt Act, to wit, "shall include any debt, demand, or claim provable in bankruptcy," applies to the word when used in section 68, and continues:

"To determine, therefore, whether the holder of a claim is entitled to the benefit of section 68, it is necessary only to inquire whether his claim is one provable in bankruptcy."

That case was followed in Steinhardt v. National Park Bank, 120 App. Div. 255, 105 N. Y. Supp. 23. That the claim of the tenant is provable in bankruptcy admits, of course, of no doubt, and it is therefore a proper subject for a set-off pro tanto against the bankrupt's claim.

[4] The relation of the parties is not changed by reason of the fact that the superintendent of banks took possession of Mandel's property. He is nothing but a custodian and liquidator of the assets, without acquiring title thereto. Lafayette Trust Co. v. Higginbotham, 136 App. Div. 747, 121 N. Y. Supp. 489.

Final order is directed in each case for the tenant.