HENRY D. APPLETON and Another, Respondents, *v.* THE NATIONAL PARK BANK OF NEW YORK, Appellant.

First Department, February 6, 1925.

Attachment — action in aid of attachment under Civil Practice Act, §§ 922 and 943 — motion to strike out answer and for summary judgment under Rules of Civil Practice, rule 113 — at time money in defendant bank was attached, bank held unmatured note against debtor — five years after judgment was secured against debtor general execution was issued and returned unsatisfied — execution against attached property was then issued — defendant bank cannot offset its claim against debtor — Debtor and Creditor Law, § 13, applies only to assignment for benefit of creditors — defense of laches is insufficient in this action at law commenced within period fixed by statute — no act of plaintiffs constituting waiver, election of remedy, or estoppel — denials or denials of knowledge or information sufficient to form belief raise no issue as to matters of record — answer stricken out and summary judgment granted.

In an action instituted under sections 922 and 943 of the Civil Practice Act in aid of an attachment to recover certain deposits standing to the credit of the judgment debtor in the defendant bank, the defendant bank cannot offset against the deposits a note of the judgment debtor, where it appears that at the time the money was attached, the note in question had not matured.

Section 13 of the Debtor and Creditor Law which permits the set-off of an unmatured claim applies only to general assignments for the benefit of creditors and does not abrogate the prior existing rule that an unmatured obligation cannot be set off against an obligation presently due.

The assignee of the judgment creditor did not, by resorting to a general execution, before he issued an execution under section 645 of the Civil Practice Act against the attached property, waive or discharge the lien under the attachment, nor is he estopped from claiming under the attachment by reason of his laches in waiting for five years after the judgment was entered and then proceeding under a general execution instead of execution against the attached property.

The defense of laches is no defense to this action at law, since the action was commenced within the period fixed by the Statute of Limitations.

The denials in the answer and the denials of any knowledge or information sufficient to form a belief as to matters of record alleged in the complaint raise no issue.

The court properly granted an order striking out the defendant's answer and awarding summary judgment under rule 113 of the Rules of Civil Practice.

APPEAL by the defendant, The National Park Bank of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of February, 1924, striking out the answer to the amended complaint and granting summary judgment to the plaintiffs under rule 113 of the Rules of Civil Practice, and also from the judgment entered in said clerk's office on the 28th day of February, 1924, pursuant to said order.

*Doyle & Smith [Emmett F. Smith* of counsel], for the appellant.

*Stetson, Jennings & Russell [William C. Cannon* of counsel; *Theodore Kiendl* and *Russel S. Coutant* with him on the brief], for the respondents.

DOWLING, J.:

This action was brought in aid of attachment under sections 922 and 943 of the Civil Practice Act by the assignee of judgment creditors of the Middlesex Chemical Company, Inc., and the sheriff of the county of New York, jointly, to recover certain deposits standing to the credit of the Middlesex Chemical Company, Inc., with the defendant bank.

On or about December 13, 1915, plaintiffs' assignors began an action in the Supreme Court, New York county, against the Middlesex Chemical Company, Inc., by the service of summons and complaint. The chemical company was a Connecticut corporation and it appeared in the action by attorney. At the time of the commencement of the action the chemical company had two accounts with the defendant bank. In one account, known as the general account, there was a balance in the sum of $1,023.32; and in the other account, known as the special account, there was a balance of $28,394.57.

On the day the action was commenced, December 13, 1915, these accounts were attached by plaintiffs' assignors. The bank made two returns. The first showed the two balances mentioned. The second or amended return showed the same two balances, but further certified that at the time the chemical company was indebted to the bank in the sum of $25,000 for money loaned to the chemical company, for which sum the bank claimed the right of set-off against the moneys standing to the credit of the chemical company.

The indebtedness mentioned in the amended return, on account of which the bank claimed the right of set-off, was evidenced by a promissory note dated September 8, 1915, and payable six months after date. It had no provision for the acceleration of maturity.

On June 11, 1917, plaintiffs' assignors recovered a judgment in the action which was duly entered in the office of the clerk of the county of New York against the chemical company in the sum of $32,000. Said judgment was assigned to Henry D. Appleton, one of the plaintiffs herein, on January 30, 1918, and the assignment was recorded in the county clerk's office on January 11, 1922. On January 16, 1922, execution was issued on said judgment against the chemical company to the sheriff of the county of New York. This execution was not served but was returned wholly unsatisfied on January 21, 1922. On March 14, 1922, execution

against attached property was issued to the sheriff, pursuant to section 645 of the Civil Practice Act, and a copy was duly served by the sheriff upon the defendant bank. The bank declines to pay over the amount of the said deposits or any part thereof, insisting that it has a right of set-off by reason of the promissory note above mentioned.

On April 19, 1923, Henry D. Appleton obtained an order granting leave to bring this action in the name of himself and the sheriff of the county of New York, jointly.

The answer consists of denials and of denials of knowledge or information sufficient to form a belief, and of two affirmative defenses. The denials of knowledge or information chiefly concern matters of record. The affidavits read in support of the motion refer to the records and exhibit copies of the various documents. Where the denials and denials of knowledge or information are not of matters of record, proof in support of the allegations was submitted in affidavit form in accordance with the practice authorized under rule 113 of the Rules of Civil Practice. The answering affidavit of the defendant, which was submitted on the return of the motion, does not controvert any of the facts stated in the moving affidavits.

The principal questions involved in this appeal have to do with the sufficiency of the two affirmative defenses.

The first affirmative defense alleges, as a defense and as a set-off, substantially the following: That at the time of the service upon the defendant National Park Bank of the warrant of attachment in the suit against the Middlesex Chemical Company, Inc., the Middlesex Chemical Company, Inc., was insolvent, and ever since has been, and now is, insolvent; that within eight days after the attachment was served, a receiver was appointed of the property of the Middlesex Chemical Company, Inc., in a proceeding brought in the State courts of Connecticut; that the receiver proceeded to liquidate the affairs of the corporation; that the liquidation has been completed and all of the assets disposed of; that the receiver has filed his final account and has been discharged, and the corporation has been dissolved; that the assets were only sufficient to pay the expenses of administration of the receivership and certain preferred claims, and there was nothing left for general creditors; that by reason of the insolvency of the Middlesex Chemical Company, Inc., and the other facts above mentioned, the defendant National Park Bank was unable, and is unable, to obtain payment of the note of the Middlesex Chemical Company, Inc., which it held, except by offset of the deposit balances referred to, and the bank did, therefore, offset a sufficient amount to pay the note, leaving a

balance to the credit of the Middlesex Chemical Company, Inc., of $4,417.89.

The second affirmative defense is substantially the following: That the judgment which Stein and others obtained against the Middlesex Chemical Company, Inc., on June 11, 1917, was procured after personal service of the summons on the Middlesex Chemical Company, Inc.; that the judgment was assigned to the plaintiff Appleton on January 30, 1918; that four years later on January 16, 1922, the plaintiff Appleton issued an execution against the Middlesex Chemical Company, Inc., on this judgment, and that this execution was returned unsatisfied on January 31, 1922; that this execution was a general execution, and not the execution against attached property provided for in section 645 of the Civil Practice Act; and that by reason of resorting to a general execution instead of an execution against attached property, the plaintiffs waived and discharged whatever lien had been acquired under the attachment. This second defense further alleges that the plaintiff Appleton is estopped from claiming under this attachment by reason of his laches in waiting for five years after the judgment was entered and then proceeding under a general execution instead of an execution against attached property, having full knowledge during all of that time that the bank claimed the right of set-off of the deposit balances.

The main controversy arises over defendant's right to offset the amount of its unmatured promissory note against its obligations on the attached deposits. There is no dispute that when the deposits were attached on December 13, 1915, the note had not matured, and in fact it did not become due until March 8, 1916. I believe that respondents are correct in their contention that prior to the adoption of section 13 of the Debtor and Creditor Law (as added by Laws of 1914, chap. 360), upon which defendant relies, the law of this State was that there could be no set-off in equity unless the claim to be set off was presently due; that section 13 merely adopted the bankruptcy rule into the statutory proceedings known as general assignments for the benefit of creditors, and had, and purported to have, no other effect; and that since the adoption of section 13, it has been held, in the cases that have arisen outside of bankruptcy and general assignments, that the original equitable rule still prevails.

The contention that prior to the adoption of section 13 of the Debtor and Creditor Law in 1914 the law of this State was settled to the effect that an unmatured obligation cannot be set off against an obligation presently due, is supported by the cases of *Jordan* v. *National Shoe & Leather Bank* (74 N. Y. 467); *Munger* v. *Albany*

*City National Bank* (85 id. 580); *Fera* v. *Wickham* (135 id. 223); *Matter of Hatch* (155 id. 401), and *DeCamp* v. *Thomson* (159 id. 444). In *Fera* v. *Wickham* (*supra*), Judge GRAY said (at p. 226): " The question here is whether the plaintiff has an equitable right to an offset of his demand against the insolvent estate, which had not matured at the time of the assignment, but which did subsequently mature before the demand held by the assignee against him matured." That question was answered in the negative. The question there decided, as expressed by the headnote, was: " Where no right of set-off exists when an assignment by an insolvent debtor for the benefit of creditors is made, it cannot arise afterwards in favor of one indebted to the insolvent estate who is also a creditor."

In his opinion Judge GRAY said: " I think the principle to which we should adhere is this: When a party asks to have set-off against a demand upon him held by an assignee for the benefit of creditors, a claim against the insolvent estate, it will be allowed, provided his was a claim upon the estate due when the assignment was made; upon the ground that, by reason of the existence of cross-demands at the time of the assignment, which were due (or might have become due at the creditor's election), an equitable adjustment by set-off is made without interfering with the equities of others. But after the estate has passed to an assignee upon a trust to hold for and to distribute among creditors, the former and natural equity disappears in superior equities vesting in the general body of creditors. They are then interested in having equality of distribution, and if a creditor who, when the assignment was made, had no right to any off-set, may be allowed it afterwards, he gains a preference. By the intervention of the rights of third persons, under the assignment, the equities change with the change in the situation of the original parties; to the misfortune of the creditor holding the demand against the insolvent estate, but, nevertheless, in accordance with equitable principles, as I deduce them from the decision."

In the *Hatch Case* (*supra*), where a statutory proceeding was brought to adjust mutual claims by and against an insolvent firm, which had made a general assignment, the Court of Appeals allowed the claims to be mutually set off, holding that it was not essential for the debts to the insolvent to be due at the time of the assignment, but that it was essential for the debt from it to be due at that time. In the opinion the decision in the *Fera* case was cited and the holding approved that, where the right of set-off did not exist at the time of the insolvency or assignment, it could not arise afterwards.

The Bankruptcy Act was different and allowed a set-off whether a debt was due or not.   (See cases cited in Remington Bankruptcy, § 1455; *Steinhardt* v. *National Park Bank*, 120 App. Div. 255.)

As was said by Chief Judge CULLEN in *Frank* v. *Mercantile National Bank* (182 N. Y. 264, 266): " If the defendant's rights depended on the equitable rule of set-off as it obtains in this State, it is clear that the notes held by it which had not matured at the time of the transfer of the title from the bankrupt to his assignee could not be set off against the plaintiff's claim.   *Fera* v. *Wickham* (135 N. Y. 223) is a conclusive authority to that effect, and so the respondent's counsel concedes.   The defendant's claim to a set-off, however, is not based upon the rule in equity which prevails with us, but on the provisions of the Bankrupt Law.     *     *     *

" The argument is that as unmatured claims against the bankrupt are provable against his estate, they necessarily are the subject of set-off under the provisions of section 68.*   We think that this position is well taken, but we shall refrain from entering into any discussion of the question, as the proposition seemed to be settled by decisions of the Federal courts.   The uniform current of authority in the District and Circuit Courts of the United States is to that effect and the law is so stated in the text books on bankruptcy."

Appellant claims, however, that the effect of the adoption of section 13 of the Debtor and Creditor Law is to adopt the bankruptcy rule in this State and to abrogate the rule heretofore laid down by the courts of this State.   I do not think the contention can be sustained.   Article 2 of the Debtor and Creditor Law (as amd. and revised by Laws of 1914, chap. 360), of which section 13 is a part, refers solely and exclusively to " general assignments for the benefit of creditors."   All its sections, from 2 to 24 inclusive, have to do entirely with the procedure in the case of such general assignments.   The provisions of section 13 (as added by Laws of 1914, chap. 360), allowing the set-off of certain debts of the assignor, whether due or not due, have to do solely with debts against an estate created by a general assignment.   Its title is, " Debts which may be proved against the estate," *i. e.*, the estate of the debtor who has made the general assignment.   Section 12 (added by Laws of 1914, chap. 360, as amd. by Laws of 1915, chap. 469) provides for " Notices to parties interested in the estate as creditors or otherwise; " section 14 (as added by Laws of 1914, chap. 360) defines the " Duties of assignee."   The provisions of section 13 relate only to a case where a general assignment for the benefit of creditors has been made and constitute no foundation for an equitable set-off in the present case.

---

* See Bankruptcy Act (30 U. S. Stat. at Large), 565, § 68.—[REP.

First Department, February, 1925.          [Vol. 211

In *Fifth National Bank* v. *Lyttle* (250 Fed. 361) the Circuit Court of Appeals of this circuit decided, in 1918, in a bankruptcy case, that the bankruptcy rule did not apply because the attempted set-off was made before bankruptcy, and that under the law of New York a bank had no lien on the general deposit of a customer for an unmatured indebtedness to it and no right to apply the deposit of an insolvent debtor prior to his bankruptcy upon his notes not yet due. The ground of the decision was that such a set-off would effect a preference. (See, also, *Wright* v. *Seaboard Steel & Manganese Corporation*, 272 Fed. 807, decided in 1921.)

The second affirmative defense is also insufficient. It sets up laches, which is no defense to an action at law where the same is commenced within the period fixed by the Statute of Limitations. Nor has there been any act of plaintiffs, or either of them, constituting a waiver of right, or election of remedy, or estoppel.

It is clear that the denials or denials of information and belief, contained in the answer, raise no issue, and do not entitle defendant to a trial. They are chiefly matters of record; and where they are not such, the allegations of the amended complaint are supported by affidavits submitted in accordance with rule 113 of the Rules of Civil Practice, and they are not controverted by the answering affidavits.

The order and judgment appealed from should, therefore, be affirmed, with costs to respondents.

CLARKE, P. J., MERRELL, MARTIN and BURR, JJ., concur.

Judgment and order affirmed, with costs.