Joseph W. Ferris et al., as Trustees under a Declaration of Trust with Respect to 307 West 36th Street (Burnside) First Mortgage Participation Certificates, Respondents-Appellants, *v.* Prudence Realization Corporation, Appellant-Respondent, City Bank Farmers Trust Company et al., as Trustees under the Will of Herman Stutzer, Deceased, Respondents-Appellants, et al., Defendants. (Action No. 1.)

Solomon Zauderer et al., Doing Business as Kimmelman and Zauderer, on Behalf of Themselves and All Other Holders of Prudence Bonds Corporation Participating Certificates of the 307 West 36th Street (Burnside) First Mortgage Participation Certificate Issue Who Join as Parties to This Action, Plaintiffs, *v.* Prudence Realization Corporation et al., Defendants. (Action No. 2.)

First Department, July 2, 1943.

*Irving L. Schanzer* for appellant-respondent Prudence Realization Corporation.

*Eugene Blanc, Jr.,* of counsel (*Delafield, Marsh, Porter & Hope,* attorneys), for respondents-appellants City Bank Farmers Trust Company and Martin S. Lindgrove.

*Charles H. Kriger* for plaintiffs-respondents-appellants.

*Per Curiam.* All parties have agreed that no further proof can be adduced upon a trial and that summary judgment on the pleadings and the proof will expedite the determination of the question presented.

The Prudence Company, Inc., the predecessor of Prudence Realization Corporation, and the certificate issue involved have been reorganized in the Federal court in proceedings conducted under section 77B (48 U. S. Stat. 912) of the Federal Bankruptcy Act. The controversy here is as to whether the Prudence Company, Inc., the insolvent defaulting guarantor of participation certificates in a mortgage, which is also the owner of a part of the mortgage indebtedness, may share equally with other certificate holders in the distribution of the proceeds of the mortgage. In the circumstances, this is a Federal question determinable in accordance with Federal law even though the rights are sought to be adjudicated in a State court. The case, accordingly, must be decided in the light of decisions which prevail in the Federal courts. (*Sola Electric Co.* v. *Jefferson Co.,* 317 U. S. 173; *Frank* v. *Mercantile National Bank,* 182 N. Y. 264, 268, 269; *Brenen* v. *Dahlstrom Metallic Door Co.,* 189 App. Div. 685, 688.) Under the Bankruptcy Act and the equitable principles governing bankruptcy proceedings, an insolvent defaulting guarantor of certificates of participation in a mortgage who is also the owner of a part of the mortgage indebtedness is entitled to share *pro rata* in the distribution of the proceeds of the mortgage in a 77B proceeding. (*Prudence Corp.* v. *Geist,* 316 U. S. 89.) Prudence Realization Corporation as the holder of participation certificates in the mortgage involved

is, therefore, entitled to receive from plaintiffs the principal amounts and interest due on said certificates on a parity with other certificate holders.

The order denying the motion of Prudence Realization Corporation for summary judgment should be reversed, with twenty dollars costs and disbursements, and judgment should be directed in its favor as prayed for. Insofar as the order denies summary judgment to defendants City Bank Farmers Trust Company and Martin S. Lindgrove, as trustees, and to plaintiffs-appellants, it should be affirmed.

MARTIN, P. J., TOWNLEY, UNTERMYER, COHN and CALLAHAN, JJ., concur.

Order denying the motion of Prudence Realization Corporation for summary judgment unanimously reversed, with twenty dollars costs and disbursements, and judgment directed in its favor as prayed for. Insofar as the order denies summary judgment to defendants City Bank Farmers Trust Company and Martin S. Lindgrove, as trustees, and to plaintiffs-appellants, the order is unanimously affirmed. Settle order on notice.