Doe v Schlesinger (2025 NY Slip Op 25149)

[*1]

Doe v Schlesinger

2025 NY Slip Op 25149

Decided on June 25, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on June 25, 2025
Supreme Court, Kings County

Jane Doe, Plaintiff,

against
Joseph Schlesinger, Defendant, and The City of New York, Defendant Intervenors.

Index No. 516871/2024

Curis Law, PLLC, New York City (Lawrence Warshaw of counsel), for Plaintiff
Roger Bennet Adler, P.C., New York City (Roger Bennet Adler of counsel), for Defendant
Muriel Goode-Trufant, Corporation Counsel, New York City (Tonya Jenerette of counsel), for Defendant Intervenor

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 1, 7-14, 20-22, 24-25, 27-36, 38-40, 42-44.
Upon the foregoing papers and having heard oral argument on the record, the within motion is determined as follows.
Background
This action was filed pursuant to the Gender Motivated Violence Act ("GMVA"), also referred to as the Victims of Gender-Motivated Violence Protection Law ("VGMVPL"), as Plaintiff Jane Doe claims she was sexually abused by her uncle, Defendant Joseph Schlesinger.
According to Plaintiff, in or about 1995 through approximately 1999, Defendant engaged in unpermitted sexual conduct with Plaintiff in violation of the GMVA and New York Penal Law Article 130. Plaintiff was around eleven years old at the time the conduct complained of began. This alleged abuse occurred in Plaintiff's home and at Defendant's storefront. In the complaint, Plaintiff alleges claims for assault, battery, and intentional infliction of emotional distress (IIED). Plaintiff further alleges that as a direct and proximate result of the assault, battery, and IIED, she has sustained in the past, and will continue to sustain in the future, serious psychological injuries and emotional distress, mental anguish, embarrassment, and humiliation. Plaintiff therefore seeks punitive and compensatory damages from Defendant.
Defendant brings this motion for an order pursuant to CPLR 3211 (a) (5), (7) to dismiss the complaint on several grounds: the City Council Local Law upon which it is based is unconstitutional, the complaint was filed beyond the statute of limitations for the alleged intentional tort, and laches. In the alternative, pursuant to CPLR 3024 (a), Defendant demands a more definitive pleading.
Shortly after Defendant brought this motion, the New York City Law Department brought a motion to intervene, which was granted by this Court.

Legal Standard

Insofar as is here pertinent, CPLR 3211 (a) (5) and (7) provides that "[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that . . . the cause of action may not be maintained because of . . . statute of limitations . . . or . . . the pleading fails to state a cause of action. . . ."

Discussion

 The GMVA Revival Statute is Not Preempted by CPLR 215 (3)

The United States District Court in the Southern District of New York in Doe v Black (2024 WL 4335453 [SD NY, Sept. 27, 2024, No. 23-CV-6418 (JGLC)]) explained that the New York City Council adopted the VGMVPL (Administrative Code of City of NY § 10-1101 et seq.) in 2000 in response to the Supreme Court's decision in United States v Morrison (529 US 598 [2000]), which struck down the Violence Against Women Act ("VAWA") on Commerce Clause grounds (see also Administrative Code of City of NY § 10-1102). As stated by the SDNY, the GMVA provides for a cause of action for "any person claiming to be injured by a [*2]party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender" (id. at § 10-1104).
The elements of a violation of New York City's GMVA are "(1) the alleged act constitute[d] a misdemeanor or felony against the plaintiff; (2) presenting a serious risk of physical injury; (3) that was perpetuated because of plaintiff's gender; (4) in part because of animus against plaintiff's gender; and (5) resulted in injury" (Bellino v Tallarico, 2024 WL 1344075, *1 [SD NY, Feb. 21, 2024, No. 24-CV-712 (LAK)]), citing Hughes v Twenty-First Century Fox, Inc., 304 F Supp 3d 429, 455 [SD NY 2018]; see also Administrative Code § 10-1103).
Under the New York State Constitution's "Home Rule" provision, municipalities can adopt local laws pertaining to the "government, protection, order, conduct, safety, health and well-being of persons or property therein," as long as such local laws are "not inconsistent" with the state constitution or general state laws (NY Const, art IX Const, art IX § 2 [c] [10]; see also Doe v Black, 2024 WL 4335453; Engelman v Rofe, 194 AD3d 26 [1st Dept 2021]). A state law may preempt a local law in two ways: a local law is preempted if the state has evidenced an intent to occupy an entire field through a pervasive scheme, known as field preemption, or "where local laws prohibit what would be permissible under state law, or impose prerequisite additional restrictions on rights under state law, so as to inhibit the operation of the State's general laws," known as conflict preemption (Engelman v Rofe, 194 AD3d at 30, citing Zakzewska v New School, 14 NY3d 469, 480 [2010]).
The City of New York enacted the GMVA to replace the federal civil rights remedy and "resolve the difficulty that victims face in seeking court remedies by providing an officially sanctioned and legitimate cause of action for seeking redress from injuries result[ing] from gender motivated violence" (Administrative Code § 10-1102). New York City Administrative Code §10-1105 (a) provides for the following (emphasis added):[FN1]

A civil action under this chapter shall be commenced within seven years after the alleged crime of violence motivated by gender occurred. If, however, due to injury or disability resulting from an act or acts giving rise to a cause of action under this chapter, or due to infancy as defined in the civil procedure law and rules, a person entitled to commence an action under this chapter is unable to do so at the time such cause of action accrues, then the time within which the action must be commenced shall be extended to nine years after the inability to commence the action ceases. Notwithstanding any provision of law that imposes a period of limitation to the contrary, any civil claim or cause of action brought under this chapter that is barred because the applicable period of limitation has expired is hereby revived and may be commenced not earlier than six months after, and not later than two years and six months after, September 1, 2022."
The window for filing otherwise time-barred claims ran from March 1, 2023, to March 1, 2025 (see Roldan v Lewis, 2025 WL 676090 [ED NY Mar. 3, 2025, No. 20-CV-03580 (HG/MMH)]), citing Dixon v Reid, 744 F Supp 3d 323, 327 n 4 [SD NY 2024]). The City of New York argues that Defendant's motion to dismiss should be denied insofar as the motion raises constitutional and statutory preemption defenses. The 2022 amendment permissibly revives causes of action that could have been brought under the GMVA as enacted but as to which the statute of limitations had expired. It did not create a cause of action arising out of events that occurred prior to the 2000 enactment of the GMVA.

In Engelman v Rofe, the First Department held that the seven-year statute of limitations period provided by the GMVA was not preempted by the CPLR's statute of limitations for assault claims (see Engelman, 194 AD3d at 26). Defendant here mischaracterized Engelman, as Engelman does not address retroactivity, but instead analyzed the seven-year statute of limitations enacted in 2000 in terms of being preempted by CPLR 215 (3), which provides for a one-year limitations period for assault. A civil rights cause of action is therefore not preempted by CPLR 215 (3). We find the holding and analysis applicable here.
There is no revival of claim for acts that occurred before the year 2000. In this case, Plaintiff alleges that the abuse occurred between the years 1995 through 1999; therefore, the GMVA is not preempted here, and Plaintiff does not have a revival claim since the acts occurred before the year 2000. Simply put, since the conduct complained of took place before the GMVA was enacted, the GMVA does not cover it.
The New York State Court of Appeals in Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal (35 NY3d 332 [2020]), guides the analysis here, as it did in Roldan. In Regina, the state legislature amended the Rent Stabilization Law through the Housing Stability and Tenant Protection Act of 2019 ("HSTPA"). One part of the HSTPA extended the statute of limitations, altered the method for determining legal regulated rent for overcharge purposes, and substantially expanded the nature and scope of owner liability in rent overcharge cases. The Court of Appeals in Regina considered whether " 'it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed,' thus impacting 'substantive rights' " (id. at 988). The Court of Appeals held that the "[r]etroactive application of the overcharge calculation provisions in [the part] implicates all three Landgraf retroactivity criteria," which triggered the presumption of retroactivity (id.; see Landgraf v USI Film Prods., 511 US 244 [1994]). The Court of Appeals further held that the "claims pending" language was sufficiently clear to evince legislative intent to apply the amendments to at least some timely overcharge claims that were commenced prior to the enactment; thus, the part in question there did not revive time-barred claims, but did apply to pending claims (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d at 995). Matter of Regina Metro. Co., LLC compels a holding that the GMVA has no retroactive application to pre-2000 conduct.
Similar to Plaintiff here, the plaintiff in Roldan contended that the GMVA's lookback window reviving any claim or cause of action brought under this chapter "expressly" demanded retroactive application of the entire Amended GMVA (see Roldan, 2025 WL 676090, *12). The [*3]Court there, however, stated that plaintiff's position confused the Amended GMVA's provision expanding substantive liability with its provision reviving certain claims, as it expressly provides for claim revival, but only as to claims that were barred because the applicable period of limitations has expired (id.; see Administrative Code § 10-1105 [a]). Such is the case here, where the alleged sexual abuse happened before the adoption of the GMVA took place, thus rendering Plaintiff's claims nonjusticiable.

Plaintiff's Complaint is Not Time Barred by CPLR 213-c

As previously discussed, under NYC Admin Code § 10-1105 (a), any claim brought under this section is revived and may be filed between March 1, 2023, and March 1, 2025. Plaintiff here filed her complaint on June 19, 2024, which is within the prescribed timeframe. Defendant argues that CPLR 213-c bars Plaintiff's claim, as the statute requires a cause of action to be filed within five years, which has well passed as Plaintiff's claims arise from conduct alleged in 1995 through 1999. However, Plaintiff did not bring her claim under CPLR 213-c and it is thus inapplicable here.

Plaintiff is Not Guilty of Laches

Defendant argues that Plaintiff is guilty of laches, as she delayed bringing this suit for almost a quarter of a century. However, as Plaintiff points out, laches is inapplicable as an affirmative defense to an action at law filed within the statute of limitations (see Columbus Trust Co. v Campolo, 110 AD2d 616 [2d Dept 1985], citing Appleton v National Park Bank, 211 AD 708 [1st Dept 1925]). The Court also notes that many victims of sexual abuse do not come forward because they have personal connections to their attackers and do not feel safe confiding in other individuals. Plaintiff was an infant when the alleged abuse occurred, and the alleged attacker was her uncle. Although Defendant argues that this delay has prejudiced him, the Court does not find merit in Defendant's argument due to the above reasoning.

Defendant's Motion to Dismiss Pursuant to CPLR 3211

As previously discussed, Plaintiff's claim is nonjusticiable since the alleged conduct occurred between the years of 1995 through 1999. It is uncontested that the alleged abuse ceased in the year 1999, and thus Plaintiff cannot revive her claim for acts that occurred before the year 2000. There is no cause of action under the GMVA for conduct which took place prior to its enactment in 2000. Pursuant to CPLR 3211 (a) (7), Plaintiff's cause of action may not be maintained.

Conclusion

Accordingly, it is hereby ORDERED as follows: Defendant's motion to dismiss Plaintiff's complaint is GRANTED pursuant to CPLR 3211 (a) (7) on the basis that Plaintiff's claims arise from alleged conduct that occurred before the year 2000 and the alleged conduct was not covered by the 2022 revival. The Court also finds that the GMVA is constitutional and not preempted by CPLR 215 (3) or any other state law. The Clerk shall enter judgment [*4]dismissing the complaint.

Footnotes

Footnote 1: This reflects the amended version of subdivision (a) effective January 9, 2022. The original version was effective December 19, 2000.